CHALKLEY *v.* CHALKLEY

[No. 101, September Term, 1965.]

*Decided January 7, 1966.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*W. Perry Doing* for the appellant.

No brief and no appearance for the appellee.

PER CURIAM.

When *Chalkley v. Chalkley,* 236 Md. 329, 203 A. 2d 877, was remanded for the granting of a divorce to the appellant-husband and a decision by the chancellor as to whether the appellee-wife was entitled to alimony, it was indicated that the amount of such

alimony and support for the children should be determined "as of the time of the new decree."

The record on this appeal, in addition to showing the overall financial worth of the appellant at the time of the new decree and the anticipated future needs for the support of five of the six children of whom the appellee had custody, also showed that the ability of the appellant to make the alimony and support payments, despite an increase in his "take home" pay, was somewhat less than it was at the time of the original decree. Ordinarily, the awarding of alimony and support should be based on the earning capacity and financial worth of the husband and father and the circumstances of the wife and children as of the time of the award. The chancellor, however, awarded the appellee a total of $750 per month, $250 of which was for alimony and $500 for support of the children. Having carefully considered the evidence produced as to the present financial ability of the appellant, it seems to us that the allowance for alimony and support was excessive and that the offer of the appellant to pay $100 for alimony and $400 for support, a total of $500 per month, was ample under the circumstances of this case. Such payments are, of course, subject to be increased or decreased from time to time when and as there are changes in the circumstances of the parties.

*Decree modified, and as modified, affirmed; the appellant to pay the costs.*