## WARREN HALLE *v.* SANDRA HALLE

[No. 719, September Term, 1974.]

*Decided March 18, 1975.*

The cause was argued before MORTON and MENCHINE, JJ., and FREDERICK J. SINGLEY, JR., Associate Judge of the Court of Appeals of Maryland, specially assigned.

*Jeffrey N. Greenblatt,* with whom was *Jackson Brodsky* on the brief, for appellant.

*Robert B. Ostrom* for appellee.

SINGLEY, J., delivered the opinion of the Court.

The appellant, Warren Halle, and the appellee, Sandra Halle, were married on 16 October 1961. Two sons were born of the marriage: Gerald, in 1964 and Jonathan, in 1969. The marriage foundered in November, 1973, when Mr. Halle filed a bill of complaint in the Circuit Court for Prince George's County for a divorce a vinculo matrimonii on grounds of adultery. Mrs. Halle answered, denying the allegations of her husband's bill and later filed a cross-bill in which she sought an absolute divorce on grounds of desertion.

In August of 1974, when the case came on for hearing before Judge William B. Bowie, the parties had reached an agreement on all issues except the question of child support. By stipulation, the husband's bill was dismissed; the wife waived any present or future right to maintenance, support and alimony; the husband agreed that she was to have custody of their two sons, and agreed to transfer title to his interest in the family home to trustees, to be held for the children's benefit. The case went forward on her cross-bill for an absolute divorce on grounds of desertion.

Mrs. Halle testified that she had been living with her sons in a house in College Park, Maryland which she and her husband owned as tenants by the entireties. She said that her husband had deserted her in January, 1973; that the desertion had continued, and that there was no hope of reconciliation.

There was introduced a schedule prepared by Mrs. Halle on a form provided by the Court, detailing the monthly expense involved in providing a home for the children:

| | |
|---|---|
| House payment | $ 185.00 |
| Food | 200.00 |
| Clothing | 106.00 |
| Medical, dental | 65.00 |
| Transportation | 98.00 |
| Recreation | 185.00 |

| | |
|---|---|
| Insurance | 10.00[1] |
| Realty taxes | 75.00 |
| Light, gas, telephone | 46.00 |
| Heat (average [12 months]) | 26.00 |
| Incidentals | 210.00[2] |
| Water | 7.00 |
| Necessary home repairs | 81.00 |
| | $1,294.00 |

[1] Not including automobile insurance.

[2] Including ordinary maintenance on house.

Mrs. Halle testified that she was not employed; that she had no resources or income of her own, and that during the period of her separation, although she had received about $400.00 per month from her husband, who had also made the monthly house payments of $185.00 as well as paid major medical insurance premiums, it was necessary for him to supplement support payments from time to time. During the period, she had been forced to exhaust her savings.

Introduced in evidence was a statement of Mr. Halle's net worth — $440,644.00 at 30 June 1973, which included his 100% interest in Halle Construction Company, Inc. with a book value of $264,343.00. Also introduced was Mr. Halle's 1973 United States income tax return which recognized a gross income of $94,097.00 for the year and a taxable income of $82,398.00.

At the conclusion of the case, Judge Bowie entered a decree granting Mrs. Halle an absolute divorce on grounds of desertion; awarding custody of the two children to Mrs. Halle, subject to Mr. Halle's rights of visitation; directing that Mr. Halle pay "suit money" in the amount of $327.00 to Mrs. Halle, the fee of Mrs. Halle's counsel in the amount of $1,250.00, together with court costs, and ordering that Mr. Halle's interest in the College Park residence be transferred to trustees for the benefit of the children, pursuant to the stipulation entered into by the parties.

There was a final provision that Mr. Halle pay $1,000.00 per month, accounting from 1 August 1974 for the support of the minor children. Although a timely appeal was taken from the decree, it is only the amount of child support which is at issue before us.

Mr. Halle's attack on the allowance for maintenance and support is three pronged: (i) the right to alimony and maintenance and support was waived by Mrs. Halle; (ii) the amount of child support properly depends on the needs of the children, not on those of the wife, and (iii) the chancellor's determination of the amount of child support, on the facts before him, was clearly erroneous.

Because the contentions are interdependent and are, at least in part, posited on a misunderstanding of the manner in which Judge Bowie rationalized the result which he reached, they can best be considered together.

Briefly stated, the facts before Judge Bowie were these: the sons of the parties were ten and four years of age, respectively. Mr. Halle had stipulated that they were to remain in Mrs. Halle's custody, and that his interest in the house was to be held for their benefit. By stipulation, Mrs. Halle had waived all claim to maintenance, support and alimony. Mr. Halle's net worth was nearly $500,000.00; his income some $90,000.00 annually. Mrs. Halle had no resources of her own, and no earning capacity so long as she made a home for the boys.

Mrs. Halle presented a schedule of monthly expenses totaling $1,294.00, which the chancellor reduced to $1,000.00 because of duplications. While the statement could have been more exact, and support of it could have been more precisely articulated, the fact remained that during the period of separation, Mrs. Halle had been receiving about $600.00 per month, at a time when a substantial portion of her additional expenses were either being provided for by her husband directly, or from her own funds.

The chancellor put it this way in his colloquy with counsel:

"We accept that, as I told you before, but I have also told you and I reiterate, and I don't know why I have to keep repeating it, it amounts to the same thing. If you give maintenance and support to the children and the children require the care of the mother and the mother is not going to work, . . . included in the maintenance and support of those children are all the considerations that the Appellate Courts tell us we must look to in arriving at an amount are[:] his earnings, her requirements, their station in life, that certainly has a bearing. The mere fact that the wife has waived alimony and maintenance and support does not take away, in the Court's view, from the children the right to be maintained in the manner that they were maintained prior to the divorce, and of necessity if you've got two young children and they've got to have a mother's care and [it's] not required that she work, certainly not in this case, and the children are going to benefit from her care, an allowance has to be made within the maintenance and support money to them to take care of someone, whether it's the natural mother or someone else, to look after them. If that someone is going to look after them and live in, they're going to have to have clothing on their back, going to have to have food and going to have to have lodging. It's as simple as that.

"So, you end up with the same thing regardless of what she has waived. She's waived it as a separate and independent requirement for her, and when the Court considers it, we have to consider that she's required to look after the children and the house and so forth. So, I won't repeat that anymore."

Judge Bowie took the very realistic position that should Mrs. Halle be forced to seek employment (she testified that she had worked earlier during her marriage) it would be

necessary for the boys to have someone to care for them. Because this could well involve an expenditure of a sum greater than the difference between $650.00 [1] and $1,000.00, if Mr. Halle's income and the family's standard of living were taken into account, the solution fashioned by the chancellor was a less expensive one.

Under the facts of this case, the chancellor's determination was essentially dictated by what he regarded as being in the best interests of the children.

Nothing could be clearer than the rule of the cases that there is no set rule fixing the amount of child support, which must be tailored to meet the circumstances of each case, *Bowis v. Bowis,* 259 Md. 41, 267 A. 2d 84 (1970); *Wooddy v. Wooddy,* 258 Md. 224, 265 A. 2d 467 (1970); *Wagshal v. Wagshal,* 249 Md. 143, 238 A. 2d 903 (1968); *Chalkley v. Chalkley,* 240 Md. 743, 215 A. 2d 807 (1966); *Pet v. Pet,* 238 Md. 492, 209 A. 2d 572 (1965).

A court of equity has wide discretion in a case of this sort and its award will not be set aside or modified unless clearly wrong, *Wooddy v. Wooddy, supra,* 258 Md. at 228, 265 A. 2d at 470; *Pet v. Pet, supra,* 238 Md. at 496, 209 A. 2d at 574. There was neither an error of law nor an abuse of discretion in the determination reached by the chancellor.

*Decree affirmed, costs to be paid*
*by appellant.*

---

1. The monthly amount which Mr. Halle contended Mrs. Halle had for her use during the period of separation: $433.00 in direct payments, $185.00 for the house, apparently rounded off at $650.00.