## WOODHAM v. WOODHAM

[No. 386, September Term, 1963.]

*Decided June 26, 1964.*

The cause was argued before HENDERSON, HAMMOND, MARBURY and SYBERT, JJ., and ANDERSON, J., Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Julius G. Maurer* for appellant.

*Herbert Myerberg,* with whom was *H. Edward Vincent* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

Helen E. Woodham has appealed from an order passed October 1, 1963, terminating her right to support and maintenance.

She has further appealed from an order passed December 26, 1963, sustaining, without leave to amend, a demurrer to her petition for costs on appeal and attorney's fees. In view of our recent decision in *Price v. Price,* 232 Md. 379, 198 A. 2d 99, decided since this appeal was filed, she has abandoned this second ground for appeal.

The appellee, Duward W. Woodham, filed a cross-appeal from that portion of the order of October 1, 1963, increasing the support payments for the parties' minor daughter from $20 per week to $50 per week.

The parties separated in August 1960 and on June 12, 1961, they entered into a property settlement agreement. The present controversy centers around clause 8 (a) in which the husband agreed to make support payments to the wife of $65 a week, to cease if she died or remarried and also "upon the obtaining of employment by the wife," and clause 8 (b) in which he agreed to pay her $20 a week for the support of their minor child subject to further order of the court.

Subsequently the wife filed suit for an absolute divorce and custody of the child, both of which were decreed her. The decree, dated February 3, 1962, also incorporated the agreement already referred to, stating that Mr. Woodham was to pay $20 per week for the child's support and "$65 per week to the Plaintiff as permanent alimony * * * subject to the further order of the Court * * *." Four days before the passage of this decree the wife obtained a clerical job at Koppers Company where she received a gross salary of $63 per week and a net take-home pay of $45, but she did not make this known to the appellee. He continued payments until April 3, 1962, when he learned of her employment. She thereupon on April 23, 1962, petitioned the court to cite him for contempt for failure to make the payments, and he answered setting up in defense that the agreement, adopted by the court in its decree, provided payments were to cease if the wife obtained employment.

Negotiations between counsel for the parties did not result in the settlement of their differences. During this period counsel for Mrs. Woodham wrote a letter to appellee's counsel dated June 21, 1962. In the letter he requested that the husband make payments on a mortgage on the premises which the parties had

owned and which was transferred to the appellant under the terms of the settlement agreement, and make up the difference between the $45 take-home pay of Mrs. Woodham and $65. He further stated that if Mr. Woodham refused he would advise his client to resign her position and would request a hearing. The request was not met and the wife obtained a date for a hearing before the Master of the Domestic Relations Division on her petition. The date set for the hearing was July 18, 1962. On July 17, 1962, the day before the hearing, she resigned her position at Koppers Company. From the record before us it is not clear what transpired between the parties from the hearing date set by the Master on July 18, 1962, and March 1, 1963. On that date the appellee filed a petition to modify the divorce decree on the ground it mistakenly provided for permanent alimony. In addition he asked the court to terminate his obligation to support the appellant. After more pleadings had been filed the court heard testimony, asked for briefs, then heard additional testimony. On September 18, 1963, the court filed a memorandum opinion in support of an order signed October 1, 1963, which in addition to denying the petition for contempt citation, provided substantially as appellee had contended.

The divorce decree was modified so as to change the $65 payments from alimony to support and maintenance and then stated the payments had terminated by virtue of the operation of the clause terminating them if employment was obtained. However, much to the objection of appellee, the decree also increased the support payments for the child from $20 to $50.

Although the appellant raises three questions in this appeal in addition to the one abandoned, the substantial question is whether the payments to her were permanent alimony. If so, the right to receive them and the obligation of the appellee to pay them did not automatically terminate when appellant accepted employment. We have had several occasions recently to construe clauses in property settlement agreements. *Schroeder v. Schroeder,* 234 Md. 462, 200 A. 2d 42; *Grossman v. Grossman,* 234 Md. 139, 198 A. 2d 260; *Stevens v. Stevens,* 233 Md. 279, 196 A. 2d 447. Only in this last case did we construe the payments called for in the agreement subsequently incorporated in a decree to be permanent alimony. The release clause in the agree-

ment before us now is distinguishable from that in *Stevens* and does not cut off payments at the death of the husband. That it is not alimony, is quite clear under *Schroeder* and *Grossman*. See also *Stevens v. Stevens, supra; Foote v. Foote,* 190 Md. 171, 57 A. 2d 804; *Dickey v. Dickey,* 154 Md. 675, 141 Atl. 387; *Wallingsford v. Wallingsford,* 6 H. & J. 485. Since the payments were not alimony the provisions of the agreement control and they ended when the wife accepted employment.

The error in the decree in referring to the support payments as alimony seems to have stemmed from a misunderstanding by the master who heard testimony in the apparently uncontested divorce proceeding, at which hearing Mr. Woodham was not represented by his counsel (who was other than counsel on this appeal). Of course, the fact the allowance was called alimony in the decree is not controlling as some of the cases just cited make clear.

Appellant argues that her employment was temporary and that in the agreement the parties contemplated a mere suspension of payments during the time she was working, or that at least, the parties intended only that the allowance be reduced by the amount of her earnings. We agree with the court below that the parties not having expressly so provided as they easily could have done, the court was bound to give effect to the plain meaning of the language used. Both parties were represented by counsel at the time they entered into their voluntary agreement.

The appellant's argument that appellee was guilty of laches in petitioning on March 1, 1963, for modification of the original decree of February 3, 1962, is without merit. It was his position that under the agreement payments ceased when the wife went to work, and though he first learned of this in April 1962, there was no reason for him to seek modification of the decree until appellant herself raised the issue of alimony with her subsequent petition to cite appellee for contempt. As already noted hearings and further pleadings ensued which apparently resulted in the issue being held in abeyance until its determination by the court. This can not be said legally to have prejudiced the appellant. Furthermore the record before us fails to disclose any contention was made in the court below that appellee was guilty

of laches in not filing his petition for modification of the decree until March 1963, and accordingly this question is not before us for review. Maryland Rule 885.

We think that the chancellor was in error, however, in increasing the support payments to the child from $20 to $50 sua sponte. Appellant, as custodian for the child, made no request for an increase. The court in its opinion simply stated as a conclusion that since the child was older her needs were greater, and that since the support payments to Mrs. Woodham had been terminated, the appellee would now have the primary responsibility for the child's support. No testimony was taken specifically directed to the child's needs, but it was brought out at the time of the hearing that she was earning $12 a week which she was allowed to retain. Of course, the support for the girl is subject to modification, but if it is to be increased there must be some formal request for it, supported by evidence of the necessity for modification of that part of the decree.

The order will be modified so as to reduce the payments to the appellant from $50 to $20 per week for the support and maintenance of the minor child, and as so modified will be affirmed.

*Order modified, and as so modified, affirmed. Costs to be paid by appellee.*