BLUE JEANS CORPORATION AND WHITEVILLE MANUFACTURING
   COMPANY v. AMALGAMATED CLOTHING WORKERS OF AMERICA,
   AFL-CIO, AND CHARLES ENGLISH, EDDIE GEE, JAMES DUNCAN,
   BILL WILLIAMS, EULA McGILL, VERA WARD, MACY KING, FRANK
   TYLER, ROGER STEVENS, MAXINE KELLIHAN, HAZEL LARAY
   GIBSON, RUBY FISHER, MILDRED NYE, BETTY JO HAYES, GLEN-
   DORA TANNER, ELIZABETH WELLS, HUBBARD WELLS, KATH-
   LEEN MINCEY, EARLIE WARD, LEONA WARD, VERA JONES,
   RHOLETTA FAIRCLOTH, RUBY McPHERSON, LEONA SELLERS,
   JAXIE WILLIAMSON, HILDA POPE, JAMES H. MARTIN, SOLOMON
   TOON, JO ANN CUNNINGHAM, VAUGHN CHERRY, EMLLOUISE
   STEELE, QUEEN ESTHER BELLAMY, MARVA BEARD, GERALDINE
   KELLY, QUEEN ESTHER WEBB, FRED LYONS (ISHMEL), JERRY
   MARTIN, BLANCHIE FRINK, HATTIE D. McKENZIE, JOYCE FOX-
   WORTH, DANIEL GODWIN, ROSCOE SHAW, JR., AND JOHN BRYANT

No. 6913SC42

(Filed 2 April 1969)

**1. Contempt of Court § 7— punishment for criminal contempt**
   Punishment for criminal contempt is based on an act already accom-
   plished which tends to interfere with the administration of justice.

**2. Contempt of Court § 7— punishment — violation of order restrain-
   ing picketing**
   Punishment imposed in contempt proceeding for violation of a court
   order restraining picketing activities on behalf of striking workers is
   lawful where it does not exceed $250 fine or thirty days imprisonment, or
   both. G.S. 5-4.

**3. Contempt of Court § 6— hearing on show cause order — jury trial**
   In a contempt proceeding in this state, the contemnor is not entitled to
   a jury trial.

APPEAL by defendant appellants, Maxine Kellihan, Frank Tyler
and James Martin, from *Clark, J.,* 3 August 1968 Session, COLUMBUS
County Superior Court.

This case was instituted on 1 April 1968 for the purpose of re-
straining the Amalgamated Clothing Workers of America, AFL-CIO,
the defendant appellants and other named individuals from com-
mitting certain allegedly unlawful acts arising out of a strike against
Blue Jeans Corporation and Whiteville Manufacturing Company
(plaintiffs). These acts consisted of picketing and interfering with
the business activities of the plaintiffs and plaintiffs' employees. On
1 April 1968 Judge Clark entered a temporary restraining order en-
joining and restraining the defendants from certain actions and con-
duct. On 8 April 1968 and again on 23 April 1968 this order was
amended by supplementary orders. In the latter order, James Martin

was adjudicated in contempt of court and fined twenty-five dollars. No appeal was taken from that order.

On 13 July 1968 Judge Clark cited the defendant appellants and other named individuals to appear before him and to show cause as to why they should not be adjudged in contempt of court. Pursuant to this citation, a hearing was held on 3 August 1968, at the commencement of which the defendant appellants in apt time moved for a jury trial. This motion was denied, and an exception was duly taken. The defendant appellants were then adjudged in contempt, and Maxine Kellihan and Frank Tyler were fined ten dollars each. James Martin was sentenced to the Columbus County Jail for a period of five days, and he was restrained from engaging in any further picketing activities at the plaintiffs' premises. From this order, the defendant appellants appealed to this Court.

*Powell, Lee and Lee by J. B. Lee for plaintiff appellees.*

*Rountree & Clark by John Richard Newton for defendant appellants.*

CAMPBELL, J.

Since the only exception preserved and argued in this Court by the defendant appellants was the refusal of the superior court judge to grant the motion for a jury trial, the question presented for decision is: "In this contempt proceeding, were the defendant appellants entitled to a jury trial?" The answer to this question is "no."

In the case of *In re Gorham,* 129 N.C. 481, 40 S.E. 311, the respondents were cited to show cause why they should not be adjudged in contempt for tampering with a jury in a civil trial. They were adjudged in contempt and two of the respondents were committed to jail for twenty days and fined fifty dollars each. The third respondent was fined fifty dollars. The Supreme Court held: "The respondents were not entitled to a trial by jury, nor to have the findings of fact reviewed in this Court. There was evidence before his Honor to support the findings, and that is all that it required."

In *Manufacturing Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577, a restraining order had been issued restraining and enjoining the defendants from unlawfully interfering with plaintiff's employees in connection with a strike. The defendants were cited to show cause why they should not be adjudged in contempt for violating the restraining order. Upon the hearing the defendants were adjudged in contempt and were imprisoned and fined for varying periods of time and in various amounts, the greatest being for a period of thirty

days and a fine of one hundred fifty dollars. Winborne, J., (later C.J.) stated:

> "It is appropriate to note, in summary, that the contempt proceeding against respondents, appellants in this Court, arises out of a principal action in which Superior Court judges, presiding over Superior Courts of Richmond County, courts of competent jurisdiction, successively issued three injunctive orders for the purpose of protecting persons who desired to work, and who had a right to work, if they so desired, in plaintiff's plant. And while the orders are by their terms temporary and effective only until final trial of the cause, they are lawful orders of a court of competent jurisdiction. Any person guilty of willful disobedience of such order may be punished for contempt of court. G.S., 5-1."

Various errors were urged by the respondents on the appeal, all of which were considered and denied by the Supreme Court, including the following:

> "It is further contended in effect that this contempt proceeding is of criminal nature, and is governed by the rules of procedure and the law applicable to criminal prosecutions, and hence the judgments rendered under the circumstances of this proceeding exceed the jurisdiction of the court. As to this contention, in this State, a contempt proceeding is authorized by statute, G.S., 5-1. This Court has described it as *sui generis*, criminal in its nature, which may be resorted to in civil or criminal actions. *In re Hege*, [205 N.C. 625, 172 S.E. 345]. And it is held that persons charged are not entitled to a jury trial in such proceeding. *In re Gorham*, [*supra*]."

In *Luther v. Luther*, 234 N.C. 429, 67 S.E. 2d 345, Ervin, J., speaking for the Supreme Court, pointed out the difference between a proceeding under G.S. 5-1 "for contempt" and a proceeding under G.S. 5-8 "as for contempt". The difference was again pointed out in *Rose's Stores v. Tarrytown Center*, 270 N.C. 206, 154 S.E. 2d 313, where Branch, J., speaking for the Supreme Court, stated:

> "The punishment as to matters punishable *for contempt* is limited to a fine not to exceed $250 or imprisonment not to exceed thirty days, or both, in the discretion of the court. G.S. 5-4. However, punishment *as for contempt* is not limited by the terms of this statute.
>
> . . .
>
> Criminal contempt or punishment *for contempt* is applied where the judgment is in punishment of an act already accomplished,

tending to interfere with the administration of justice. Civil contempt or punishment *as for contempt* is applied to a continuing act, and the proceeding is had ' "to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of such parties." ' *Dyer v. Dyer,* 213 N.C. 634, 197 S.E. 157.

There are certain instances where contemnors may be punished for both criminal contempt, *i.e., for contempt,* and for civil contempt, *i.e., as for contempt.* . . ."

**[1, 2]** In the instant case we have punishment for criminal contempt, *i.e.,* "for contempt", because the judgment imposed was for punishment of an already accomplished act which tended to interfere with the administration of justice. Since the maximum penalty under G.S. 5-4 was "a fine not to exceed $250 or imprisonment not to exceed thirty days, or both, in the discretion of the court", the punishment imposed by Judge Clark was well within the statutory limits. *Rose's Stores v. Tarrytown Center, supra.*

**[3]** In a North Carolina contempt proceeding, the contemnor is not entitled to a jury trial. Since the maximum punishment provides for imprisonment for less than six months and a fine for less than $500, our view is not contrary to the rule enunciated by the Supreme Court of the United States in *Bloom v. Illinois,* 391 U.S. 194, 20 L. Ed. 2d 522, 88 S. Ct. 1477, and it is in conformity with the view expressed in *Dyke v. Taylor Implement Manufacturing Co.,* 391 U.S. 216, 20 L. Ed. 2d 538, 88 S. Ct. 1472.

In the instant case counsel for the defendant appellants makes the novel contention that they should be entitled to a jury trial because a finding that they are in contempt of court exposes them to a loss of certain benefits under the North Carolina Employment Security Law, G.S., Chap. 96, in addition to a possible fine of $250 or thirty days in jail, or both, in the discretion of the court, under G.S. 5-4. Such a loss of benefits is not presented by the record in this case. It might be said that, in addition to punishment by way of a fine or imprisonment, or both, any law violator forfeits other rights, emoluments and opportunities for gainful employment which are open to those who do not violate the law. Such a contention, while novel, does not raise any constitutional question.

The order of Judge Clark is

Affirmed.

BROCK and MORRIS, JJ., concur.