FRANCES W. BLAIR v. LARRY DONALD BLAIR

No. 7026DC107

(Filed 6 May 1970)

**Divorce and Alimony §§ 18, 22;    Contempt of Court § 7—    enforcement of support order — contempt — fees to wife's counsel — dependent spouse**

Authority of the district court to punish as for contempt includes the authority to require a husband to pay reasonable counsel fees to his wife's counsel as a condition to his being purged of wilful contempt in not complying with a child support order entered pursuant to G.S. 50-13.1, notwithstanding the child support order also provided that the wife was not a dependent spouse. G.S. 50-13.1, G.S. 50-13.4(f)(9), G.S. 50-16.3, G.S. 50-16.4.

APPEAL by defendant from order of *Abernathy, District Judge,* entered at the 12 November 1969 Session of MECKLENBURG District Court.

On 11 August 1969, plaintiff wife instituted action against defendant husband for temporary and permanent alimony and for custody and support of the minor child of the parties. On 4 September 1969, an order was entered by Abernathy, District Judge, (evidently by consent) awarding plaintiff custody of the child and providing that defendant pay plaintiff $100.00 per month for support of the child and that defendant convey or cause to be conveyed to plaintiff title to a 1965 Chevrolet and certain other personal property; the order provided that plaintiff was not entitled to alimony.

On 16 September 1969, an order to show cause was issued against defendant and on 25 September 1969, following a hearing at which defendant did not appear, an order was entered by Judge Abernathy finding defendant in wilful contempt of court for failure to make support payments and convey title to the automobile as required by the 4 September 1969 order. The sheriff was directed to take the defendant into custody and hold him until he purged himself of contempt.

On 12 November 1969, Judge Abernathy entered a further order in which, *inter alia,* he recited a history of the case, and found that defendant had satisfied plaintiff regarding the automobile and had brought his support payments up to date; he further found that plaintiff is entitled to an award for legal services rendered subsequent to 4 September 1969 and that $50.00 is a reasonable award for said services. The order provided that defendant should pay said amount of $50.00 to plaintiff's counsel for legal services rendered subsequent to 4 September 1969, said sum to be paid on or before 10 January 1970. It further provided that the former order requiring the sheriff to take the defendant into custody be vacated and that defendant "shall be considered to have purged himself of contempt of this court."

Defendant excepted to that portion of the 12 November 1969 order requiring him to pay plaintiff's attorneys $50.00 for legal services rendered subsequent to 4 September 1969 and appealed to this Court.

*No counsel contra.*

*Gene H. Kendall for defendant appellant.*

BRITT, J.

Defendant contends that this is an action under G.S. 50-16 and that in the absence of allegations and proof that plaintiff wife is the

BLAIR *v.* BLAIR

dependent spouse the requirement in the order appealed from that defendant pay plaintiff's counsel for services rendered subsequent to 4 September 1969 is invalid. We disagree with this contention primarily for the reason that the action is supported by statutes other than G.S. 50-16; in fact, that statute was repealed by Chapter 1152 of the 1967 Session Laws.

In her complaint plaintiff prayed for alimony, temporary and permanent, without divorce as authorized by G.S. 50-16.1, et seq., and for custody and support of the minor child born to the marriage as authorized by G.S. 50-13.1, et seq.; she alleged sufficient facts to support the relief sought. G.S. 50-13.5(a) provides that "[t]he procedure in actions for custody and support of minor children shall be as in civil actions * * *"; G.S. 50-13.5(b)(3) provides that an action for custody and support may be joined with an action for alimony without divorce. The effect of the 4 September 1969 order was to grant plaintiff no alimony under G.S. 50-16.1, et seq., but to grant her custody and support for the child under G.S. 50-13.1, et seq.

It is true, as defendant argues, that G.S. 50-16.4 authorizes the court, upon application of a dependent spouse entitled to alimony pendente lite pursuant to G.S. 50-16.3, to enter an order for reasonable counsel fees for the benefit of the dependent spouse to be paid by the supporting spouse; but G.S. 50-13.4(f)(9) provides that "[t]he wilful disobedience of an order for the payment of child support shall be punishable as for contempt as provided by G.S. 5-8 and G.S. 5-9."

The court is vested with broad power when it is authorized to punish "as for contempt." *Rose's Stores v. Tarrytown Center,* 270 N.C. 206, 154 S.E. 2d 313 (1967); *Blue Jeans Corp. v. Clothing Workers of America,* 4 N.C. App. 245, 166 S.E. 2d 698 (1969), affirmed by Supreme Court in 275 N.C. 503, 169 S.E. 2d 867 (1969). We hold that this power includes the authority for a district court judge to require one whom he has found in wilful contempt of court for failure to comply with a child support order entered pursuant to G.S. 50-13.1, et seq., to pay reasonable counsel fees to opposing counsel as a condition to being purged of contempt. In the order appealed from, the district court judge did not exceed that authority, therefore, the order is

Affirmed.

BROCK and GRAHAM, JJ., concur.