# JACKSON *v.* JACKSON

[No. 273, September Term, 1973.]

*Decided June 26, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Arthur M. Wagman* for appellant.

*David E. Manoogian*, with whom were *Macdonald & Manoogian* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

Appellant Maxine Jackson brought this action in equity in the Circuit Court for Montgomery County to enforce a foreign judgment for child support against her former husband, appellee Reid Jackson II. She also sought an increase in the amount of future monthly child support payments. The issues on this appeal are whether the chancellor erred in refusing to increase and in reducing *sua sponte*, the amount of future support payments from that prescribed in the foreign judgment and whether the chancellor erred in denying the appellant counsel fees.

Maxine Jackson, now a resident of California, was married to Reid Jackson II, now a resident of Maryland, for nine years before obtaining a divorce from him in 1968 in the state of Florida. The divorce decree granted custody of their two minor children to Maxine and ordered Reid to pay monthly support payments for the two children. On January 16, 1973, a Florida court entered judgment against Reid for past due child support in the amount of $6,000.00 plus $988.00 costs and attorney's fees. That court also modified the amount of future monthly child support which Reid would have to pay, ordering him to pay $125.00 monthly for each child, or a total of $250.00 per month for the support of his two sons.

Reid Jackson made no payments in satisfaction of the Florida judgment. Consequently, Maxine Jackson brought this action requesting enforcement of the Florida judgment, an increase in child support, and reimbursement for counsel fees and court costs incurred in the action. In his answer to the bill of complaint, Reid Jackson claimed that the court had no obligation to give full faith and credit to the Florida

judgment. The answer made no response to the request for an increase in the child support payments.

The only witnesses to testify at the trial were the appellant and the appellee. Maxine Jackson testified that she held a doctorate in education and was currently earning a gross salary of $12,000.00 as an assistant professor at California State University. She further testifed that she was in the process of buying a house in San Diego, California. Reid Jackson, who also holds a doctorate in education, testified that he is employed by Howard University in Washington D. C., and earns approximately $26,000.00 per year. He stated that he has remarried, supports another child by that union, and is currently purchasing a house in Silver Spring, Maryland. Reid Jackson admitted the failure to make support payments in the past, and he did not dispute owing the amount claimed to be due. In his testimony, Reid seemed to justify his failure to make some of the child support payments on the ground that Maxine had moved around the country quite often, that he was therefore unable to exercise his visitation rights, and that sometimes he did not know where to send the monthly payments.

Maxine Jackson argued in the court below that the Florida judgment was entitled to be given full faith and credit as to the arrearages for child support. As to future support payments, she urged the Maryland court to increase the monthly sum fixed by the Florida judgment. Reid Jackson contended that the court was not obliged to extend full faith and credit to any portion of the Florida judgment. However, at no time did Reid Jackson request a reduction in the amount of future child support payments.

The chancellor found that Reid Jackson had not paid any portion of the $6,988.00 Florida judgment, that he had made no monthly payments since the Florida judgment, and that he owed an additional $1,500.00 for past support payments which had become due since the Florida judgment. The court ordered that judgment be entered in favor of Maxine Jackson for $8,488.00. However, with respect to future child support payments, the chancellor on his own motion reduced the amount from the $125.00 for each child prescribed in the

Florida judgment to $70.00 monthly per child. The chancellor also denied Maxine Jackson's request for counsel fees.

Reid Jackson has not appealed from the trial court's decision, and there is no issue before us concerning the enforcement of the Florida judgment with respect to the $8,488.00 past due under that judgment. Maxine Jackson has appealed from those portions of the order below which reduced the amount of future child support and denied her counsel fees. Her appeal was initially taken to the Court of Special Appeals, but we granted a writ of certiorari before a decision by that court. See Maryland Code (1974), §§ 12-201 and 12-203 of the Courts and Judicial Proceedings Article.

While there has been considerable discussion throughout this litigation concerning the effect of the Full Faith and Credit Clause of the United States Constitution, Art. IV, § 1, the appellant does not argue that the Full Faith and Credit Clause precluded the court below from reducing the amount of future support payments. Rather, the appellant's position with respect to *future* support payments seems to be that since a Florida court could modify the amount, the Full Faith and Credit Clause would not prohibit a Maryland court from also modifying the amount. Appellant argues, however, that Maryland law prohibits a judge from *sua sponte* reducing the amount of support payments. Appellant goes on to argue that the court should have granted her request to increase the amount of future child support or, alternatively, should have ordered the appellee to pay the amount set forth in the Florida judgment. Appellant Maxine Jackson also insists that she was entitled to counsel fees.

In light of the positions of the parties, and our disposition of the case, we need not and do not reach any issue concerning the applicability of the Full Faith and Credit Clause to any portion of the Florida judgment.[1] As a matter

---

1. As to the circumstances under which judgments in one state for spouse or child support must be accorded full faith and credit in another, see: Barber v. Barber, 323 U. S. 77, 65 S. Ct. 137, 89 L. Ed. 82 (1944); Yarborough v. Yarborough, 290 U. S. 202, 54 S. Ct. 181, 78 L. Ed. 269 (1933); Sistare v. Sistare, 218 U. S. 1, 30 S. Ct. 682, 54 L. Ed. 905 (1910); Lee v. Lee, 220 Md. 325, 331-332, 152 A. 2d 561 (1959); McKay v. Paulson, 211 Md. 90, 97-98, 126 A. 2d 296 (1956); McCabe v. McCabe, 210 Md. 308, 123 A. 2d 447

of Maryland law, the court below should not have modified the amount of the monthly child support payments to be made in the future by the appellee Reid Jackson.

There is no merit to the appellant's first contention that the chancellor should have increased the amount of child support. No testimony or other evidence of the children's increased needs or the father's increased ability to pay or the mother's decreased ability to pay was adduced at the trial. Consequently, appellant failed to show any necessity for increasing the child support payments. *Wooddy v. Wooddy,* 258 Md. 224, 265 A. 2d 467 (1970); *Wagshal v. Wagshal,* 249 Md. 143, 238 A. 2d 903 (1968); *Chalkley v. Chalkley,* 240 Md. 743, 215 A. 2d 807 (1966); *Warren v. Warren,* 218 Md. 212, 146 A. 2d 34 (1958); *Slacum v. Slacum,* 158 Md. 107, 148 A. 226 (1930).

On the other hand, there was no evidence that the children's needs had decreased, or that the father's ability to pay had become substantially less, or that the mother could contribute substantially more. Under these circumstances, and the principles of the above-cited cases, there was similarly no basis for a reduction in the child support payments.

Moreover, this Court has flatly held that the chancellor may not *sua sponte* modify a previously rendered award for child support, *Woodham v. Woodham,* 235 Md. 356, 361, 201 A. 2d 674 (1964). We stated in *Woodham* that while a child support decree is subject to modification, "there must be some formal request for it . . . ." In the present case, the appellee Reid Jackson made no request, either formal or informal, for a reduction in the child support payments. Consequently, the chancellor should not have considered the matter of a reduction. It was simply not involved in the case.

We also agree with the appellant that the chancellor should have awarded her counsel fees. Maryland Code (1957, 1973 Repl. Vol.), Art. 16, § 5A, provides:

"In all cases where a person makes an application for a decree or modification of a decree with respect

(1956); Winkel v. Winkel, 178 Md. 489, 507-508, 15 A. 2d 914 (1940); Rosenberg v. Rosenberg, 152 Md. 49, 135 A. 840 (1927).

> to the custody, the amount of support or visitation rights concerning a child or children of the parties, or files any form of proceeding *to recover arrearages of child support or otherwise to enforce such decree,* the court, after considering the financial status of both parties, their respective needs *and whether there was substantial justification for instituting* or defending *the proceeding,* may make such award of costs and counsel fees to either party as shall be just and proper under all the circumstances." (Emphasis supplied.)

This was a blatant case of a father's ignoring his obligation to support his children and ignoring the mandate of a court to make monthly payments in satisfaction of that obligation. The appellee Reid Jackson had become $6,000.00 in arrears between the time of the 1968 Florida judgment and the 1973 Florida judgment. He had not made a single monthly payment towards the support of his sons pursuant to the 1973 judgment. Maxine Jackson was required to come to Maryland from California and bring this action in order to obtain any sums from him for the support of the children. There was clearly "substantial justification" for Maxine Jackson to institute the proceedings, and Reid Jackson's "financial status" certainly permitted the award. Thus, the criteria set forth in the statute were satisfied. While the statute vests discretion in the chancellor, the exercise of that discretion must be based upon the statutory criteria and the facts of the case. Under the circumstances here, the appellee should have been ordered to pay counsel fees. *See Rhoderick v. Rhoderick,* 257 Md. 354, 359-362, 263 A. 2d 512 (1970); *Fuld v. Fuld,* 252 Md. 254, 256-258, 250 A. 2d 93 (1969); *Bracone v. Bracone,* 16 Md. App. 288, 293-296, 295 A. 2d 798 (1972). Upon remand, the award of counsel fees should encompass a fee for this appeal.

> *Order reversed.*
> *Remanded for further proceedings not inconsistent with this opinion.*
> *Appellee to pay costs.*