677 So.2d 1371 (1996)
Larry WORTHINGTON, Appellant,
v.
Alison MacGregor HARTY, Appellee.
No. 95-3791.
District Court of Appeal of Florida, Fourth District.
August 14, 1996.
Andrew M. Chansen, Boca Raton, for appellant.
Frank B. Kessler, Lake Worth, for appellee.
STONE, Judge.
We reverse an order awarding attorney's fees to Appellee, the former wife, in civil contempt proceedings against the former husband. The contempt was the husband's failure to comply with a court order to participate in mediation. There are no findings as to need and ability to pay in the record. The court ordered Appellant incarcerated until such time as he agreed to attend mediation. He subsequently complied, except as to payment of the fees, and was released from custody.
As a general rule, attorney's fees may be awarded as a sanction in civil contempt proceedings without findings as to the parties' respective need and ability to pay. E.g., Lamb v. Fowler, 574 So.2d 262 (Fla. 1st *1372 DCA 1991). However, the action here, initiated by the former husband to modify child support, is instituted under chapter 61, Florida Statutes. We deem section 61.16(1), governing the imposition of fees under that chapter, applicable to the underlying petition.
As chapter 61 is applicable, ability to pay and need must be considered by the court before ordering payment of attorney's fees in contempt proceedings incident to enforcing orders relating to support or custody. See Armstrong v. Armstrong, 623 So.2d 1216, 1218 (Fla. 4th DCA 1993); Foster v. Foster, 528 So.2d 1295 (Fla. 1st DCA 1988); Warnhoff v. Warnhoff, 493 So.2d 52 (Fla. 4th DCA 1986), rev. denied, 503 So.2d 328 (Fla.1987).
We can discern no basis for adopting an interpretation of the statutory requirements applicable to fees incurred in enforcing mediation orders different than that applicable to fees imposed in other enforcement proceedings initiated under chapter 61. We affirm, as moot, all other issues raised.
WARNER, J., and OWEN, WILLIAM C., JR., Senior Judge, concur.