*Jason Andrew Poole v. Bureau of Support Enforcement O/B/O Jessie Roebuck*, No. 1985,
September Term 2016,
Opinion by Battaglia, J.

1. **CHILD SUPPORT – CONTEMPT**
   Trial court did not err in awarding attorney's fees to mother in constructive civil contempt action against father after father failed to comply with child support order, because statute allowing attorney's fee awards in child support proceedings applied in contempt action to enforce child support order.  Md. Code Ann., Family Law § 12-103.

2. **CONTEMPT – NATURE AND FORM OF REMEDY**
   Under rule governing constructive civil contempt proceeding to enforce child support order, contempt proceeding must be included in the underlying child support action in which the alleged contempt occurred.  Md. Rule 15-206(a).

3. **ATTORNEY'S FEES –  AMERICAN RULE**
   Maryland generally follows the common law "American Rule," which provides that prevailing party is not entitled to recovery of attorney's fees in the absence of an agreement, rule, statutory provision or limited case law exception.

4. **ATTORNEY'S FEES –  AMERICAN RULE; exception**
   Child support enforcement statute, which specifically provides for the imposition of attorney's fees, constitutes an exception to the "American Rule"

Circuit Court for Carroll County
Case No. 06-C-03-037999

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1985

September Term, 2016

_____

JASON ANDREW POOLE

v.

BUREAU OF SUPPORT ENFORCEMENT
O/B/O JESSIE ROEBUCK

_____

Berger,
Arthur,
Battaglia, Lynne A.
    (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Battaglia, J.
_____

Filed:  August 28, 2018

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Bessie Decker, Clerk
April 20, 2018

On October 21, 2016, the Circuit Court for Carroll County found appellant, Jason Andrew Poole ("Father"), in constructive civil contempt[1] of a court order to pay child support for his son, to appellee, Jessie Roebuck ("Mother"). The court awarded attorney's fees and expenses to Mother. On appeal, Father presents one question for our review: Did the trial court err in awarding attorney's fees in a contempt action? For the reasons set forth below, we answer the question in the negative and affirm the award of attorney's fees.

## FACTUAL AND PROCEDURAL BACKGROUND

In June of 2015, the Carroll County State's Attorney's Office, on behalf of the Bureau of Child Support Enforcement, filed a Petition for Contempt and Incarceration[2] of Father for failing to comply with a consent order dated April 24, 2012, requiring him to pay $300.00 per month for child support and $10.00 per month toward arrearages, which, at that time, amounted to $20,517.09. Because Mother was employed, though, at the Bureau of Child Support Enforcement of the Carroll County State's Attorney's Office, the

---

[1] Constructive civil contempt is defined as "any contempt other than a direct contempt." Maryland Rule 15-202(a). Direct contempt is defined as "a contempt committed in the presence of the judge presiding in court or so near to the judge as to interrupt the court's proceedings." Rule 15-202(b).

[2] In constructive civil contempt proceedings, a court has the power to imprison one who is found in contempt for refusing to comply with an order to pay child support, pending the purging of the contempt. Maryland Rule 15-207(e)(4). *See Middleton v. Middleton*, 329 Md. 627, 640 (1993)("Permitting a parent's child support obligations to be enforced by contempt and, if necessary, imprisonment, is consistent with this State's policy of insuring that child support obligations are met and met to the extent necessary for the well-being of the child."). *Accord Goldberg v. Miller*, 371 Md. 591, 603 (2002) (citing *Lynch v. Lynch*, 342 Md. 509, 519 (1996)).

court, upon request, appointed a Special Prosecutor from the Frederick County State's Attorney's Office.

During the contempt hearing later that year, Father stipulated that he was in contempt of the consent order. The court accepted Father's stipulation, found him in constructive civil contempt, and issued an order finding that Father had accrued outstanding arrearages in the amount of $21,417.90. The order provided that Father could purge the contempt by paying $300.00 per month for support of the child and $10.00 per week toward arrearages. The court scheduled a review hearing for November 12, 2015.[3]

Because of continuing concerns about Mother's employment with the Carroll County State's Attorney's Office, that Office requested appointment of a Special Counsel for the Office of the Attorney General, which was granted by the court. Despite that appointment, Father insisted that there continued to be a conflict of interest in the joint representation of the Bureau of Support Enforcement and Mother. As a result, Mother retained private counsel, Christy Saunders, to represent her.

Review hearings occurred on July 21, October 14, and October 21, 2016. Evidence adduced at the hearings reflected that from the date of the initial finding of contempt to October of 2016, Father had paid only $2,104.20 of the $4,340.00 that he owed. Christopher Balog, Father's employer, testified that he had employed Father for the past

---

[3] After making a finding of contempt, a court may allow the contemnor an opportunity to purge the contempt by deferring disposition, and scheduling a review hearing, often referred to as a "purge review hearing" or "disposition hearing." *See e.g., Middleton*, 329 Md. at 637-38.

six months as a landscaper, that Father had worked three to five days per week, and that he paid Father between $50 and $100 per day in cash.

Text messages from Father to his girlfriend, Sherry Few, were introduced into evidence, revealing that Father had stated that he had "hoard[ed] cash for 3 months only paying 1400 in child support … legally getting away with shorting [Mother] on child support while being in contempt," and that he had "planned this for years … legally getting away with burning [Mother] on 20 grand." Father's text messages to Ms. Few also indicated that he worked "7 days a[] week and only report[ed] 300," and that he has "4800 in a bank account right now," although "no bank [account] exists in [his] name" because he put his bank account in someone else's name when he "seen these interrogatories coming a mile away." Additional text messages from Father to Ms. Few indicated that Father had attended the contempt hearing with "3100 dollars in [his] pocket, 2100 in left pocket 1 grand in right," but that he had no intention of "giving [Mother] shit until them cuffs come out[.]"

Mother testified that she incurred attorney's fees and expenses related to Ms. Saunders' representation, as a result of Father "trying to make an issue out of [her] working where [she does]." An itemized statement of Ms. Saunders' professional services was introduced into evidence, reflecting a total amount of $3,553.76; representing $2,936.00 in attorney's fees and $617.76 in expenses (relating to process serving fees, copies and postage).

The court determined that Father had failed to pay the purge amount since the time of the August of 2015 finding of contempt, that Father had the present ability to pay the

3

purge amount, and that, based on the evidence, Father had an intent "to hide his income to avoid payment." The court ordered Father detained at the Carroll County Detention Center for a period of 120 days, or until he paid the purge amount of $2,235.80, representing the remainder of the unpaid purge amount ordered at the August of 2015 contempt hearing.

The court also awarded Mother attorney's fees and expenses in the amount of $3,553.76 and entered judgment against Father in that amount. In ruling on Mother's request for attorney's fees, the court explained its award as follows:

> Also pending before the Court [is] [Mother's] petition through counsel for attorney's fees.
>
> I have reviewed that, I forget what exhibit it was, I think it was defense 5. I reviewed it and found all the charges that were set forth in that exhibit to be fair and reasonable for the Carroll County community. And frankly the bill wasn't really seriously challenged during the testimony in the case.
>
> Family Law Article Section 12-103 permits an award of counsel fees where someone is seeking to recover child support or arrearages.
>
> I find that [Mother] has substantial justification in continuing, she didn't initiate the proceeding but she continued it and chose to have private counsel, which is her right. And I find that based on the situation of the financial status of the parties that even after the purge figure, [Father] has sufficient resources where he would be able to pay such an award.
>
> Therefore, I will award the counsel fees as requested in the amount of $2,936 plus expenses of $617.76, for a total award to [Mother] of $3,553.76.

Father was subsequently released from jail following his payment of the purge amount, and timely noted this appeal.[4]

## DISCUSSION

Father does not challenge the circuit court's order finding him in contempt; rather, he challenges only the award of attorney's fees to Mother in the amount of $3,553.76.[5] He contends that attorney's fees are not available in a contempt action, pursuant to Maryland Rule 15-207. Mother acknowledges that Rule 15-207 does not provide for the recovery of attorney's fees, but she asserts that the court did not err in awarding attorney's fees in this action pursuant to the provisions of Section 12-103 of the Family Law Article of the Maryland Code, (1984, 2012 Repl. Vol., 2014 Supp.)[6] as that statute explicitly provides for the recovery of attorney's fees in connection with proceedings to enforce child support orders.

The issue is queued up, then, as to whether the provisions of Section 12-103 permitting the recovery of attorney's fees in child support enforcement actions are applicable in a contempt action governed by Rule 15-207(e). Our determination of this issue is subject to *de novo* review. *See Stevens v. Tokuda*, 216 Md. App. 155, 167 (2014)

---

[4] Persons imprisoned upon a finding of contempt have a right to appeal the contempt finding, despite having been released from the imprisonment. *In re Ariel G.*, 153 Md. App. 698, 704 (2003), *aff'd*, 383 Md. 240 (2004) (citation omitted).

[5] Father does not challenge the circuit court's calculation of attorney's fees under Section 12-103(b) of the Family Law Article of the Maryland Code, (1984, 2012 Repl. Vol., 2014 Supp.). As a result, we need not and do not address the calculation of attorney's fees.

[6] Hereinafter referred to as "Section 12-103."

5

(stating that issues requiring this Court "to undertake a legal interpretation of Rule 15-207" are reviewed *de novo*) (citing *Rawlings v. Rawlings*, 362 Md. 535, 555 n.19 (2001) (noting that issues of interpretation of Maryland Rules are treated the same as statutory interpretation issues).

Rule 15-207(e) "applies to proceedings for constructive civil contempt based on an alleged failure to pay spousal or child support[.]" Md. Rule 15-207(e)(1). If the party bringing the contempt action proves "by clear and convincing evidence that the alleged contemnor has not paid the amount owed, accounting from the effective date of the support order through the date of the contempt hearing," Md. Rule 15-207(e)(2), the burden shifts to the alleged contemnor to prove:

> by a preponderance of the evidence that (A) from the date of the support order through the date of the contempt hearing the alleged contemnor (i) never had the ability to pay more than the amount actually paid and (ii) made reasonable efforts to become or remain employed or otherwise lawfully obtain the funds necessary to make payment, or (B) enforcement by contempt is barred by limitations as to each unpaid spousal or child support payment for which the alleged contemnor does not make the proof set forth in subsection (3)(A) of this section.

Md. Rule 15-207(e)(3). If the court makes a finding of constructive civil contempt, it must issue a written order specifying:

> (A) the amount of the arrearage for which enforcement by contempt is not barred by limitations, (B) any sanction imposed for the contempt, and (C) how the contempt may be purged. If the contemnor does not have the present ability to purge the contempt, the order may include directions that the contemnor make specified payments on the arrearage at future times and perform specified acts to enable the contemnor to comply with the direction to make payments.

Md. Rule 15-207(e)(4).

Rule 15-207(e) by its terms, however, does not provide for the recovery of attorney's fees in civil contempt proceedings. Although Rule 15-207(e) does not contain a provision for attorney's fees, we consult those rules or statutes governing the underlying action to determine the context under which attorney's fees may be available. *See* Md. Rule 15-206(a) ("A proceeding for constructive civil contempt shall be included in the action in which the alleged contempt occurred."). *See also Solomon v. Solomon*, 118 Md. App. 96, 113-14 (1997)(holding that the use of the mandatory term "shall" in Rule 15-206(a) required that petition for contempt for violation of terms of a custody and visitation agreement be filed in the court where the underlying divorce judgment was issued).

Here, the underlying action is governed by Sections 12-101 *et seq.* of the Family Law Article. Section 12-103 provides for the recovery of attorney's fees in child support cases:

**Award of costs and fees**

(a) The court may award to either party the costs and counsel fees that are just and proper under all the circumstances in any case in which a person:

(1) applies for a decree or modification of a decree concerning the custody, support, or visitation of a child of the parties; or

(2) files any form of proceeding:

(i) to recover arrearages of child support;

(ii) to enforce a decree of child support; or

(iii) to enforce a decree of custody or visitation.

7

**Conditions for award of costs and fees**

(b) Before a court may award costs and counsel fees under this section, the court shall consider:

(1) the financial status of each party;

(2) the needs of each party; and

(3) whether there was substantial justification for bringing, maintaining, or defending the proceeding.

**Whom costs and fees awarded to**

(c) Upon a finding by the court that there was an absence of substantial justification of a party for prosecuting or defending the proceeding, and absent a finding by the court of good cause to the contrary, the court shall award to the other party costs and counsel fees.

Prior to the enactment of Section 12-103, the right of recovery of attorney's fees in child support cases in Maryland was originally derived from the common law obligation of a father to support his minor child in the form of all necessaries during the marriage and following the divorce of the parents. *See Carter v. Carter*, 156 Md. 500 (1929). In *Carter*, the Court of Appeals held that a divorced wife was not entitled to recover attorney's fees "arising from her effort to prevent the father from obtaining the exclusive custody of [their minor] child." 156 Md. at 509. The Court, acknowledged, in dicta, however, that "by reason of his parental obligation," a father "remains primarily, and the mother secondarily, bound to support and maintain the [child]," for "necessaries," which may include attorney's fees if such services are "reasonable and necessary for the protection or enforcement of the property rights of the minor or his personal protection, liberty, or relief." *Id*. at 508-09.

The Court explained, however, that "[t]his obligation is at law and not in equity." *Id*. at 508.

In *Frank v. Frank*, 203 Md. 361, 369 (1953), the Court concluded, consistent with the dicta expressed in *Carter*, that in the absence of an agreement, an equity court did not have authority to order the father to pay his child's necessaries in the form of medical expenses. The Court explained that "[t]he husband's liability, to pay for necessaries furnished his minor child, is to the supplier in an action at law, and not enforceable by application of the wife to the divorce court." *Id*. As a result, though necessaries, including attorney's fees, were recoverable in custody and support cases, attorney's fees often were not awarded because absent an agreement, they were recoverable only in actions at law.

The Court of Appeals, in *Price v. Price*, 232 Md. 379, 385 (1963), relying on *Carter* and *Frank*, further limited a wife's ability to recover attorney's fees in a child support action, holding that because the attorney's fees were not covered or provided for by the separation agreement or divorce decree, the wife must bring a separate action at law to recover those fees. Despite its holding, the Court recognized that "[l]ogically, it would seem that this obligation could be enforced in equity," but it declined to abandon the "decisions of this Court," holding "that this liability of the father must be enforced at law." *Id*. at 384. The Court suggested, however, that "[i]f a contrary result is preferable, the Legislature may change the rule for the future." *Id*. at 385.

The General Assembly apparently did, in fact, prefer a different result, as evidenced by the passage of the Act of 1967, Chapter 488. *See Peterman v. Peterman*, 14 Md. App. 310, 313-14 (1972). Section 5A of Article 16 provided:

9

In all cases where a person makes an application for a decree or modification of a decree with respect to the custody, the amount of support or visitation rights concerning a child or children of the parties, or files any form of proceeding to recover arrearages of child support or otherwise to enforce such decree, the court, after considering the financial status of both parties, their respective needs and whether there was substantial justification for instituting or defending the proceeding, may make such award of costs and counsel fees to either party as shall be just and proper under all the circumstances.

Section 5A of Article 16 expanded the authority of courts presiding over divorce and custody cases to permit awards of attorney's fees in "any proceeding." As a result, equity courts had the power to award a fee "at any time" in child custody and support cases. *McCally v. McCally*, 251 Md. 735, 736-37 (1969).[7]

In *Bracone v. Bracone*, 16 Md. App. 288 (1972), this Court considered Section 5A in the context of an action initiated as a contempt petition against the husband for failure to pay alimony and child support. In response to the petition for contempt, father requested that his child support and alimony payments be "modified to be commensurate with his present income and living expenses," which, he admitted at the hearing before the court, had changed after he intentionally quit his job to avoid paying support and alimony. *Id*. at

_____

[7] In 1972, the Legislature approved the Equal Rights Amendment (ERA), Article 46 of the Maryland Declaration of Rights, which provided that "Equality of rights under the law shall not be abridged or denied because of sex." 1972 Md. Laws, Chap. 366. In *Rand v. Rand*, 280 Md. 508, 516 (1977), the Court of Appeals held that the ERA modified the common law rule that fathers were primarily responsible for providing their children with necessaries. The Court determined that the ERA mandated that mothers and fathers are equally liable for the support of their minor children. The Court explained: "The common law rule is a vestige of the past; it cannot be reconciled with our commitment to equality of the sexes. Sex of the parent in matters of child support cannot be a factor in allocating this responsibility." *Id*.

289-90. In upholding the award of attorney's fees and affirming the trial court's decision not to modify child support payments, we explained that "[w]e think it too obvious to require additional comment that the trial judge was empowered under [Section 5A] to award counsel fees to the wife's solicitor, that the award of $150.00 was 'just and proper under all the circumstances,' and that there was 'substantial justification' for defending the proceedings." *Id*. at 294.

The Court of Appeals subsequently considered the applicability of Section 5A of Article 16 in *Jackson v. Jackson*, 272 Md. 107 (1974), an action brought by a mother to enforce an out-of-state judgment, in which monthly child support had been increased, and her attorney's fees had been awarded. Though the underlying action was not a contempt action, the Court nonetheless described it as "a blatant case of a father's ignoring his obligation to support his children and ignoring the mandate of a court to make monthly payments in satisfaction of that obligation." *Id*. at 112. The Court determined that the trial court had abused its discretion by failing to consider the statutory criteria set forth in Section 5A of Article 16 in refusing to award attorney's fees, and remanded the case with instructions that counsel fees also encompass the fees incurred in the appeal. *Id*.

In 1984, the Legislature enacted a new "Family Law Article" to the Annotated Code, and the provisions of Section 5 of Article 16 were incorporated into Sections 12-101 to 12-103. Act of 1984, Chapters 204, 296 and 400. It is clear, then, that the Legislature intended

to provide for attorney's fees incurred as a result of the enforcement of a child support order for the necessaries of the minor.[8]

Our determination that attorney's fees incurred can be recovered during the enforcement of a child support order, including by way of contempt, is consistent with holdings in cases from sister jurisdictions which sanction the recovery of attorney's fees in contempt actions related to the enforcement of child support. *See Dobozy v. Dobozy*, 697 A.2d 1117, 1120 (Conn. 1997) (noting that "[t]here is no meaningful dispute in this case that the plaintiff's [contempt] action constitutes a 'proceeding seeking relief under the provisions' of the dissolution [of marriage] statutes and, therefore, falls within the broad ambit of [the statute permitting an award of attorney's fees]"); *Worthington v. Harty*, 677 So.2d 1371, 1372 (Fla. Dist. Ct. App. 1996) (recognizing that attorney's fees are recoverable in contempt action for enforcement of court order brought under statute

---

[8] In *Maness v. Sawyer*, 180 Md. App. 295, 325-26 (2008), we affirmed an award of attorney's fees in a contempt action brought to enforce a child support order. In *Maness*, the circuit court had issued a *pendente lite* order in a divorce action, requiring the father to pay child support in the amount of $2,400 per month. *Id*. at 325. Father failed to make any support payments to mother during the six-month period prior to trial, but for one payment of $500 on the first day of trial. *Id*. The circuit court found father in contempt for failing to pay child support from the date of the *pendente lite* order until the date of trial, and directed that father could purge himself of the contempt by paying the arrearage of $20,299. *Id*. at 299. The circuit court further ordered father to pay the wife $5,000 as a contribution toward her attorney's fees incurred as a result of the contempt proceeding. *Id*.

On appeal, father argued that the circuit court had abused its discretion in awarding attorney's fees to mother because she had no "substantial justification" in instituting the divorce proceedings. *Id*. at 324-25. We found no abuse of discretion in the circuit court determination that, in fact, it was father's disregard of the child support order, which forced mother to resort to a contempt proceeding to obtain payment of the overdue support that was without "substantial justification." *Id*. at 325.

governing the dissolution of marriage, which provided for the imposition of fees against the "noncompliant party," but holding that the trial court must consider the noncompliant party's ability to pay before awarding fees); and *Blair v. Blair*, 173 S.E.2d 513, 514 (N.C. Ct. App. 1970) (holding that trial court's contempt power included authority to order payment of attorney's fees in contempt action arising out of father's failure to pay child support, pursuant to statute authorizing the recovery of attorney's fees in alimony and support actions).

It is noteworthy that in *Dobozy*, *Worthington*, and *Blair*, the underlying statutes were similar to the provisions in Section 12-103. In *Dobozy*, the court based the award of attorney's fees on Conn. Gen. Stat. Section 46b-62 (1988), which it quoted as providing that "[i]n *any* proceeding seeking relief under the provisions of this chapter [pertaining to dissolution of marriage] ... the court may order either spouse ... to pay the *reasonable attorney's fees* of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82...." *Dobozy*, 697 A.2d at 1120 (emphasis in original). The underlying statute at issue in *Worthington*, 677 So.2d at 1372, Fla. Stat. Section 61.16(1) (1994), specifically provided for the recovery of attorney's fees in "any proceeding under this chapter [relating to dissolution of marriage and support], including enforcement and modification proceedings and appeals." In *Blair*, the court held that father's contempt of a court order to pay child support was governed by the child support statute, N.C. Gen. Stat. Section 50-13.5(b)(3) (1967), which provided that custody and support actions may be joined with alimony actions under N.C. Gen. Stat. Section 50-16.4,

13

which specifically authorized the payment of attorney's fees "for the benefit of the dependent spouse to be paid by the supporting spouse[.]" *Blair*, 173 S.E.2d at 514.

As a result, we hold that Section 12-103 supports the awarding of attorney's fees in contempt actions because they are actions (i) to recover arrearages of child support; and (ii) to enforce a decree of child support.

Father, however, relies on *Bahena v. Foster*, 164 Md. App. 275 (2005), to support his position that attorney's fees are not available in a contempt action under Rule 15-207. In *Bahena*, we determined that an award of attorney's fees was inappropriate in a contempt action related to the Bahenas' failure to comply with a consent order regarding the removal of a tree from their property. *Id*. at 288. The "American Rule," relating to attorney's fees, to which Maryland adheres, provides that attorney's fees are not recoverable "in the absence of agreement, rule, statutory provision or limited case law exception[.]"[9] *Id*. at 288-89. We concluded that there was no applicable exception to the "American Rule," authorizing the recovery of attorney's fees in that contempt action. *Id*. at 289-90.

---

[9] This Court explained the circumstances in which attorney's fees are recoverable in Maryland:

> Attorney's fees may be awarded where a statute allows for the imposition of such fees, and where parties to a contract have an agreement regarding attorney's fees. Where the wrongful conduct of a defendant forces a plaintiff into litigation with a third party, the plaintiff may recover from the defendant, as damages, reasonable counsel fees incurred in the action with the third party. Additionally, a plaintiff in a malicious prosecution action, who has incurred counsel fees in the defense of the criminal charge, may be awarded those fees as damages in the civil actions.

*Bahena*, 164 Md. App. at 289 (quoting *Hess Constr. Co. v. Bd. of Educ.*, 341 Md. 155, 160 (1996)).

The Fosters also argued that they were entitled to attorney's fees under Md. Rule 1-341, which permits the recovery of attorney's fees in actions in which a party maintains or defends a proceeding in bad faith or without substantial justification. *Id*. at 291-92. Their argument that attorney's fees were available under Rule 1-341 failed, however, because there was no allegation that the Bahenas had maintained or defended the proceeding in bad faith - only that they had violated a court order. *Id*. at 292.

*Bahena* is distinguishable from the instant case, however, because here, the court awarded attorney's fees pursuant to Section 12-103, which specifically allows for the recovery of such fees in a proceeding to recover an arrearage of child support or to enforce a child support order. We have recognized that Section 12-103 is an exception to the "American Rule," followed in Maryland, requiring that litigants be responsible for their own legal fees. *See Davis v. Petito*, 425 Md. 191, 200 (2012) (concluding that, in determining an award of attorney's fees under Section 12-103(b), the trial court must first consider whether the parties had substantial justification for bringing or defending their respective positions prior to evaluating the value of the legal services provided).

Accordingly, the circuit court's award of attorney's fees under Section 12-103 satisfies the exception to the "American Rule" that was recognized in *Bahena*, though found not applicable to the facts in that case. We, thus, conclude that the circuit court did not err in awarding attorney's fees to Mother, pursuant to Section 12-103.

**JUDGMENT OF THE CIRCUIT COURT FOR CARROLL COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**