DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HAROLD GUNNAR JOHANSSON,**
Appellant,

v.

**JACQUELYN JOHANSSON** n/k/a **JACQUELYN PUTT,**
Appellee.

Nos. 4D19-2661 and 4D19-2751

[April 1, 2020]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 50-2008-DR-13445-XXXX-MB.

Harold Gunnar Johansson, Boynton Beach, pro se.

Jacquelyn Johansson, Palm City, pro se.

DAMOORGIAN, J.

In this consolidated appeal, Harold Gunnar Johansson ("Former Husband") appeals final orders: (1) denying his supplemental petition for modification of timesharing, parental responsibility, child support, and related relief; and (2) awarding Jacquelyn Johansson ("Former Wife") attorney's fees and costs. We affirm the order denying the supplemental petition for modification without further comment. We reverse the fee award, concluding that the trial court improperly awarded fees after finding that the Former Husband did not have the ability to pay.

The fee award stems from two motions filed by the Former Wife. In the motions, the Former Wife sought to have the Former Husband held in contempt for his failure to comply with several court orders requiring him to reimburse the Former Wife for one-half of the uncovered medical expenses she had incurred on behalf of the parties' minor children. The Former Wife also sought an award of attorney's fees and costs. After adjudicating the Former Husband in civil contempt for failing to comply with the order requiring him to pay uncovered medical expense arrearages, the trial court awarded the Former Wife reasonable attorney's fees and costs and reserved jurisdiction to determine the award amount.

The trial court subsequently held an evidentiary hearing to determine the amount of attorney's fees and costs. At the conclusion of the hearing, the trial court found the Former Wife had the need for payment of her attorney's fees. However, the trial court went on to state that it:

> [did] not find that there was substantial competent evidence to establish that the Former Husband has the present ability to pay the Former Wife's attorney's fees in a lump sum or through a payment plan. The Former Husband is already paying off arrearages for unpaid medical expenses. There was no evidence of any liquid assets available to the Former Husband.

On appeal, the Former Husband argues the trial court erred in awarding attorney's fees because the trial court found he did not have the present ability to pay the Former Wife's attorney's fees. The Former Husband concedes that, as a general rule, attorney's fees may be awarded as a sanction in civil contempt proceedings without findings as to the parties' need and ability to pay. However, as acknowledged by the trial court, the Former Wife's motions were brought pursuant to chapter 61, and the fees were not due to a sanction. We agree.

The Former Wife responds that the Former Husband has already appealed this order, and this Court affirmed in *Johansson v. Johansson*, 2019 WL 5654534, at *1 (Fla. 4th DCA Oct. 31, 2019). As such, the Former Wife argues that the attorney's fees and costs issue is moot and should be dismissed or affirmed. We reject the Former Wife's argument because the order that was appealed in the previous appeal included only a finding of entitlement to fees and did not set an amount of fees. *See Card v. Card*, 122 So. 3d 436, 437 (Fla. 2d DCA 2013) (holding that an order that determines only the right to attorney's fees without setting the amount is a nonfinal, nonappealable order). Accordingly, this Court's per curiam affirmance did not decide any attorney's fees issues because the fees issue was not appealable at that time. *See Bloco, Inc. v. Porterfield Oil Co., Inc.*, 990 So. 2d 578, 581 (Fla. 2d DCA 2008) (holding that per curiam affirmance of final judgment that reserved jurisdiction to tax costs and attorney's fees "neither directly nor implicitly decided any question about attorney's fees[,]" and thus the respondent could not "now seriously contend that we previously decided the issue").

When an action is instituted under chapter 61, Florida Statues, section 61.16(1) governs the imposition of fees and costs. *Worthington v. Harty*, 677 So. 2d 1371, 1372 (Fla. 4th DCA 1996). Section 61.16(1) provides, in relevant part:

2

> The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.

In sum, when a party makes a claim for attorney's fees and costs under chapter 61, the court must consider need and ability to pay before the court can order payment of attorney's fees in contempt proceedings incident to enforcing orders relating to support or custody. *See Zahringer v. Zahringer*, 813 So. 2d 181, 182 (Fla. 4th DCA 2002) (reversing award of attorney's fees because the record showed no evidence of the former wife's need for reimbursement of fees in proceeding instituted under chapter 61); *Worthington*, 677 So. 2d at 1372 (reversing award of attorney's fees for trial court's failure to consider ability to pay and need before ordering payment to wife in contempt proceedings instituted under chapter 61).

Here, both of the Former Wife's motions to enforce, for contempt, and for sanctions requested an award of attorney's fees pursuant to section 61.16, Florida Statutes. Moreover, the Former Wife specifically argued she had the need, and the Former Husband had the ability to pay her attorney fees. Finally, in awarding fees, the trial court stated that in its prior order determining the Former Wife's entitlement to fees and costs, it specified her entitlement to said fees was not due to a sanction.

Before awarding the Former Wife her attorney's fees, the trial court was required to find, *inter alia*, that the Former Husband had the financial ability to pay the fees. In fact, the trial court found the opposite to be the case when it concluded that there was no "substantial competent evidence to establish that the Former Husband has the present ability to pay the Former Wife's attorney's fees in a lump sum or through a payment plan . . . [and] no evidence of any liquid assets available to the Former Husband." Even though the trial court considered need and ability to pay, it nevertheless abused its discretion in awarding fees when it found the Former Husband had no ability to pay. *See St. Pierre v. Greenberg*, 697 So. 2d 218, 219 (Fla. 4th DCA 1997) (reversing order awarding attorney's fees against ex-husband when "trial court stated on the record that it did not know how [he] could pay all the amounts assessed against him").

Accordingly, we reverse the judgment awarding the Former Wife her attorney's fees and costs.

*Affirmed in part, reversed in part.*

Gross and May, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**