## SHARON DOBOZY *v.* JOHN DOBOZY
### (14436)

O'Connell, Lavery and Landau, Js.

Submitted on briefs March 27—officially released June 25, 1996

*Nancy A. DeRose, James J. Ruane, Johnpatrick C. O'Brien,* and *James O. Gaston* filed a brief for the appellant (defendant).

*James A. Trowbridge* and *John H. Van Lenten,* legal intern, filed a brief for the appellee (plaintiff).

LAVERY, J. The defendant appeals from the judgment of the trial court granting the plaintiff's motion for attorney's fees. On appeal, the defendant claims that the trial court improperly (1) granted the plaintiff's motion for attorney's fees despite the plaintiff's failure to request attorney's fees in her written motion for contempt, (2) granted the plaintiff's motion for attorney's fees without finding the defendant in contempt and (3) denied the defendant's request for an evidentiary hearing concerning the reasonableness of the attorney's fees claimed by the plaintiff. We conclude that the trial court improperly granted the plaintiff's motion for attorney's fees without finding the defendant in contempt. We therefore reverse the judgment of the trial court and remand the matter with direction to vacate the award of attorney's fees.

The following facts are undisputed. On May 16, 1991, the trial court, *McKeever, J.*, rendered judgment dissolving the parties' marriage and entered orders concerning the two minor children.[1] Pursuant to the parties' stipulation, on June 16, 1994, the trial court, *Thim, J.*, ordered that the plaintiff arrange for psychological treatment of the parties' son. On October 13, 1994, the trial court ordered that the defendant bring the minor son to the Bridgeport Child Guidance Center for psychological evaluation. At that time, the trial court, *Petroni, J.*, also modified the defendant's child support obligation.[2] On December 19, 1994, the plaintiff filed a motion for contempt alleging that the defendant failed to pay court ordered child support and failed to arrange for a psycho-

---

[1] Pursuant to the parties' separation agreement, the trial court ordered that the parties shall have joint legal custody of the two minor children. The trial court also ordered that the parties shall have split physical custody of the children, with the son residing with the defendant and the daughter residing with the plaintiff. The defendant was ordered to pay child support in the amount of $35 per week.

[2] The trial court modified the defendant's child support obligation to $17.50 per week.

logical evaluation of the parties' son. The plaintiff's motion did not seek attorney's fees.

At the hearing on the plaintiff's motion, the plaintiff agreed to transport the son to psychological counseling. The trial court ordered that the plaintiff bring the parties' son to the Bridgeport Child Guidance Center for counseling at the plaintiff's cost and expense. The defendant paid the plaintiff $227.50 in child support arrearage. The trial court found that the defendant complied with the orders at issue in the motion, and did not find the defendant in contempt.

At the conclusion of the proceedings, the plaintiff orally requested that the court award attorney's fees. The trial court, *Petroni, J.*, found that the $2537 claimed by the plaintiff for attorney's fees was reasonable, and ordered the defendant to pay one half of the plaintiff's attorney fees for a total of $1250, payable at a rate of $50 per month commencing February 1, 1995.

The dispositive issue in this appeal is whether the trial court improperly awarded attorney's fees without first finding the defendant in contempt. The defendant relies on General Statutes § 46b-87[3] for the proposition that the trial court must first find the defendant in contempt before awarding attorney's fees. The plaintiff argues that General Statutes § 46b-62[4] authorizes the

[3] General Statutes § 46b-87 provides in pertinent part: "When any person is found in contempt of an order of the superior court entered under section 46b-60 to 46b-62, inclusive, 46b-81 to 46b-83, inclusive, or 46b-86, the court may award to the petitioner a reasonable attorney's fee and the fees of the officer serving the contempt citation, such sums to be paid by the person found in contempt, provided if any such person is found not to be in contempt of such order, the court may award a reasonable attorney's fee to such person. . . ."

[4] General Statutes § 46b-62 provides in pertinent part: "In any proceeding seeking relief under the provisions of [chapter 815j] . . . the court may order either spouse or, if such proceeding concerns the custody, care, education, visitation or support of a minor child, either parent to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ."

trial court to order attorney's fees in a proceeding concerning the custody, care, education, visitation or support of a minor child.

Section 46b-87 authorizes an award of attorney's fees to the petitioner only if the respondent is found in contempt. See *Tatro* v *Tatro*, 24 Conn. App. 180, 189, 587 A.2d 154 (1991); *Messina* v. *Messina*, 22 Conn. App. 136, 139, 576 A.2d 579 (1990). The section also authorizes the trial court to award attorney's fees to the respondent if the respondent is found not to be in contempt of the trial court's order. Section 46b-87 applies to instances when a person is found in contempt of an order of the Superior Court entered under various statutory provisions. The provisions included are General Statutes § 46b-60 relating to orders regarding children and alimony in annulment cases, General Statutes § 46b-61 regarding orders for child support where parents live separately, § 46b-62 regarding orders for the payment of attorney's fees, General Statutes § 46b-81 regarding property assignments, General Statutes § 46b-83 regarding pendente lite alimony, child support and use of the family home, and General Statutes § 46b-86 regarding modification of alimony or support orders. By its express terms, § 46b-87 is not applicable to child support orders made in a dissolution proceeding pursuant to General Statutes § 46b-84 or orders concerning the care of a minor child pursuant to General Statutes § 46b-56 (a).

In this case, the trial court relied on both §§ 46b-62 and 46b-87 when it granted the plaintiff's motion for attorney's fees. Section 46b-62 authorizes the trial court to award attorney's fees at its discretion. In *Mallory* v. *Mallory*, 207 Conn. 48, 58, 539 A.2d 995 (1988), our Supreme Court similarly relied on both §§ 46b-87 and 46b-62 to conclude that the trial court had the inherent power to award attorney's fees in a contempt proceed-

ing for failure to comply with child support orders if the respondent is found in contempt. The *Mallory* court stated that " '[w]hen any person is found in contempt of an order of the superior court entered under section 46b-60 to 46b-62, [which include child support orders] . . . the court may award to the petitioner the fees of the officer serving the contempt citation, to be paid by the person found in contempt.' General Statutes § 46b-87. Under § 46b-62, a court may award reasonable attorney's fees to a person who brings 'any prosecution for nonsupport of a minor child or children' under General Statutes § 51-348a. We hold by analogy to these statutory provisions that *when a person is properly found in contempt for failure to comply with child support orders*, a court may award the petitioner reasonable compensation for attorney's fees incurred during that contempt proceeding."[5] (Emphasis added.) Id. Relying on the conclusion reached by the Supreme Court in *Mallory*, we hold that the trial court's inherent power to award attorney's fees in a contempt proceeding is limited to those cases in which the respondent is found in contempt for failure to comply with child support or child care orders. Unlike the defendant in *Mallory*, the defendant in this case was not found in contempt. We conclude, therefore, that the trial court improperly awarded attorney's fees without first finding the defendant in contempt.

The award of attorney's fees is vacated and the case is remanded with direction to deny the plaintiff's motion for attorney's fees.

In this opinion the other judges concurred.

---

[5] We recognize that General Statutes § 46b-87 was amended by Public Acts 1988, No. 88-196, which inserted provisions for the award of a reasonable attorney's fee. This change reinforces the conclusion reached by the *Mallory* court that attorney's fees are authorized when a person is properly found in contempt.