### SHARON DOBOZY v. JOHN DOBOZY
### (SC 15528)

Borden, Katz, Palmer, McDonald and Peters, Js.

---

Argued April 23—officially released July 8, 1997

*Matthew I. Levine* and *James P. Kemp*, certified legal interns, with whom was *James A. Trowbridge*, for the appellant (plaintiff).

*James J. Ruane*, with whom were *JohnPatrick C. O'Brien* and, on the brief, *James O. Gaston*, for the appellee (defendant).

*Opinion*

PETERS, J. The principal issue in this certified appeal is the extent to which General Statutes § 46b-62 authorizes a trial court, in a contempt proceeding brought to enforce child care and support orders, to award reasonable attorney's fees to the prevailing parent without first finding the respondent parent in contempt. The plaintiff, Sharon Dobozy, filed a motion for contempt alleging that her former spouse, the defendant, John Dobozy, had failed to comply with child care and support orders. At the close of the contempt proceeding, when the orders belatedly had been satisfied, the trial court, *Petroni, J.*, granted the plaintiff's oral motion for attorney's fees. The defendant appealed this ruling to the Appellate Court, which vacated the award of attorney's fees and remanded the case to the trial court with direction to deny the plaintiff's motion. *Dobozy* v. *Dobozy*, 41 Conn. App. 861, 865, 677 A.2d 490 (1996). We granted the plaintiff's petition for certification to appeal[1] and reverse the judgment of the Appellate Court.

The record in this case discloses the following facts. On May 16, 1991, the trial court, *McKeever, J.*, rendered a judgment dissolving the parties' marriage. Pursuant to a separation agreement, the parties maintained split physical custody of their two minor children, the minor son residing with the defendant and the minor daughter with the plaintiff. The parties further agreed that the

---

[1] We granted the petition limited to the following issue: "Whether in a case arising under General Statutes § 46b-62 the trial court may properly award reasonable attorney's fees to a parent prosecuting a contempt motion concerning the care and support of a minor child when the parent prevails but the court does not adjudicate the respondent to be in contempt?" *Dobozy* v. *Dobozy*, 239 Conn. 909, 682 A.2d 999 (1996).

defendant would pay child support to the plaintiff. In June, 1994, with judicial approval, the parties modified the separation agreement to provide that the defendant would arrange for psychological counseling of the minor son "as soon as practical."

In July and September, 1994, the plaintiff filed motions for contempt alleging, respectively, that the defendant had failed to provide the agreed upon psychological counseling and had failed to satisfy his child support obligations. On October 13, 1994, the trial court, *Petroni, J.*, without finding the defendant in contempt, ordered him to bring the minor son to a guidance center for psychological evaluation and to pay the amount of the child support arrearage.

In December, 1994, the plaintiff filed a third motion for contempt, alleging again that the defendant had failed both to arrange for a psychological evaluation of the minor son and to make the requisite child support payments. At a hearing on this motion held on January 19, 1995, the plaintiff agreed to transport the minor son to the psychologist at her own expense, and the defendant tendered the total amount of the child support arrearage. On the basis of these developments, the trial court concluded that the child care and support orders had been satisfied. The court again did not find the defendant in contempt.

At the beginning and again at the close of the January, 1995 hearing, the plaintiff orally moved for attorney's fees. She produced a bill in the amount of $2537 for legal services rendered up to the date of the hearing and testified that she lacked funds sufficient to cover the total amount. Invoking its authority "under [§] 46b-62, the attorney's [fees] statute, and under the statute for contempt [General Statutes § 46b-87[2]]," the trial court

[2] General Statutes § 46b-87 provides in relevant part: "Contempt of orders. When any person is found in contempt of an order of the Superior Court entered under section 46b-60 to 46b-62, inclusive, 46b-81 to 46b-83, inclusive,

granted the plaintiff's motion. Although the defendant sought to question the plaintiff's attorney with respect to the reasonableness of his bill, the trial court refused this request.[3] The court concluded that it had sufficient information before it to determine that $2537 was a reasonable amount because it had observed the time spent prosecuting the contempt motions and because it was persuaded that the $175 per hour billing rate was not excessive. After finding that the defendant's earning capacity was greater than he had represented, the trial court ordered the defendant to pay one half of the plaintiff's attorney's fees on an installment basis.

The Appellate Court reversed the trial court's award of attorney's fees. *Dobozy* v. *Dobozy*, supra, 41 Conn.

or 46b-86, the court may award to the petitioner a reasonable attorney's fee and the fees of the officer serving the contempt citation, such sums to be paid by the person found in contempt, provided if any such person is found not to be in contempt of such order, the court may award a reasonable attorney's fee to such person. . . ."

[3] With respect to the defendant's request for an evidentiary hearing, the following colloquies took place:

"[James J. Ruane, counsel for the defendant]: Well, I think maybe we should put [the plaintiff's attorney] on if these are facts upon which the court is going to make a ruling as to attorney's fees . . . . I think we should have that as sworn testimony, not as just—

"The Court:—But I have an affidavit as to—I mean, a bill. Do you want to challenge the bill? Do you feel that the bill—

"Mr. Ruane:—Oh, I'd like to hold an evidentiary hearing on it as to whether or not those services are reasonable in this proceeding and whether or not any rate that is charged is reasonable in this geographical area. I think we're entitled to that hearing . . . .

"The Court: . . . [T]he question of whether it's reasonable or not, the court can take notice of the bill and the time, because I've seen [the plaintiff's attorney] here every time. I mean, I've been here when he's been here all day on these motions.

\* \* \*

"Mr. Ruane: And my request then for an opportunity to meet this evidence is denied. May I just have an exception then?

"The Court: In what way? What is the exception on the—

"Mr. Ruane:—Well, what I'd like to meet is the reasonableness of the hourly figure and put on testimony of that.

"The Court: All right. I found that to be reasonable based on the knowledge

App. 865. In reliance on this court's decision in *Mallory* v. *Mallory*, 207 Conn. 48, 58, 539 A.2d 995 (1988), the Appellate Court concluded that, under §§ 46b-62 and 46b-87, the trial court's power "to award attorney's fees in a contempt proceeding is *limited* to those cases in which the respondent is found in contempt for failure to comply with child support or child care orders." (Emphasis added.) *Dobozy* v. *Dobozy*, supra, 865.

On appeal to this court, the plaintiff does not claim that § 46b-87 authorizes the award of attorney's fees in the absence of a contempt finding. She contends, however, that the Appellate Court took an improperly narrow view of a trial court's authority *under § 46b-62* to award attorney's fees in proceedings brought to enforce child care and support orders. The defendant not only urges us to support the Appellate Court's limiting construction of § 46b-62 in the context of contempt proceedings but also argues, alternatively, that the trial court improperly used whatever authority § 46b-62 conferred upon it by refusing to afford the defendant the opportunity to challenge the reasonableness of the fees to be awarded. Although we agree with the plaintiff that the trial court had the authority to award attorney's fees under § 46b-62,[4] we agree with the defendant that the court should not have exercised that authority without first granting the defendant's request to present evidence challenging the reasonableness of these fees.

that I have of the time [the plaintiff's attorney] spent here and my own personal knowledge, and that the fee of $175 is not unreasonable."

[4] The plaintiff also contends that, irrespective of the authority explicitly conferred by § 46b-62, the trial court retains an inherent equitable power to award attorney's fees in proceedings related to marital dissolution. This contention addresses the Appellate Court's implicit determination that, although such an inherent power exists, it is limited by *Mallory*. *Dobozy* v. *Dobozy*, supra, 41 Conn. App. 864–65. In view of our conclusions that *Mallory* does not control the resolution of this appeal and that § 46b-62 provides sufficient authority under the circumstances of this case, we express no opinion on this dimension of the plaintiff's argument.

## I

On the basis of this court's decision in *Mallory* v. *Mallory*, supra, 207 Conn. 58, the Appellate Court took a narrow view of the trial court's authority to award attorney's fees in contempt proceedings. We, therefore, begin our analysis with the facts and holding of that case. In *Mallory*, shortly after the dissolution of the parties' marriage, the former wife brought a contempt action against her former husband for failure to meet his child support obligations. Id., 57. The trial court found the husband in contempt and ordered him to reimburse the wife for attorney's fees that she had incurred during the course of the proceeding. Id. On appeal, we concluded that the trial court had the discretion to enter such an order. Id., 58. The contempt statute, § 46b-87, did not at the time provide for attorney's fees. See footnote 5 of this opinion. We relied, therefore, primarily on the trial court's generic remedial authority under § 46b-62 for the proposition that, "when a person is properly found in contempt for failure to comply with child support orders, a court may award the petitioner reasonable compensation for attorney's fees incurred during that contempt proceeding." Id., 58.

The Appellate Court interpreted this language from *Mallory* to signify that, in a contempt proceeding brought to enforce child care and support orders, a trial court may award attorney's fees *only* when the respondent is found in contempt. The holding in *Mallory*, however, does not sweep this broadly. Because *Mallory* involved a contempt proceeding in which the respondent *was* found in contempt, we had no occasion, in that case, to consider a trial court's authority to award attorney's fees under other circumstances. Specifically, we did not decide whether a trial court may order a respondent to pay attorney's fees when the respondent comes into compliance with child care and support orders during the course of the contempt proceeding

and thereby *avoids* a contempt finding. Contrary to the Appellate Court's interpretation, the quoted language from *Mallory* describes the factual predicate of that case rather than the extent to which a trial court has the authority to award attorney's fees in contempt proceedings arising out of a marital dissolution.

Because our decision in *Mallory* is not dispositive of the issue before us, we must now determine whether § 46b-62 provides a sufficient statutory foundation upon which the trial court could have based its decision to award attorney's fees. We conclude that it does provide such a foundation.

Section 46b-62 provides in relevant part that "[i]n *any* proceeding seeking relief under the provisions of this chapter [pertaining to dissolution of marriage] . . . the court may order either spouse . . . to pay the *reasonable attorney's fees* of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ." (Emphasis added.) This broad statutory language, which was adopted in 1973 as part of a comprehensive revision and modernization of the divorce laws in this state; Public Acts 1973, No. 73-373, § 27; was intended to ensure that a party to a marital dissolution would not be deterred from exercising his or her legal rights due to a lack of funds. *Darak* v. *Darak*, 210 Conn. 462, 477, 556 A.2d 145 (1989).

There is no meaningful dispute in this case that the plaintiff's action constitutes a "proceeding seeking relief under the provisions" of the dissolution statutes and, therefore, falls within the broad ambit of § 46b-62. We have, moreover, found nothing in the history of the divorce reform legislation to suggest that, when an aggrieved parent brings a contempt action to enforce compliance with child care and support orders, the trial court's authority to award attorney's fees under § 46b-62 is contingent upon a finding that the respondent is

in contempt. As a matter of policy, to infer such a limitation would preclude a financially disadvantaged parent from recovering attorney's fees from a recurrently recalcitrant former spouse so long as the spouse complies with family support orders at, or immediately prior to, the time of the contempt proceeding and persuades the trial court that his compliance, although belated, militates against a finding of contempt. In effect, it would give considerable leverage to the recalcitrant former spouse to undermine the effectiveness of court orders for the protection of children. We do not assume that the legislature intended such an inequitable result. *Duni* v. *United Technologies Corp.*, 239 Conn. 19, 24, 682 A.2d 99 (1996) (legislature presumed not to have intended unjust result).

At oral argument in this case, the question arose whether the 1988 amendment to § 46b-87[5] explicitly providing for attorney's fees is an impediment to construing § 46b-62 to authorize the award of attorney's fees absent a finding of contempt. In other words, in enacting the attorney's fees provisions of § 46b-87, did the legislature impliedly limit the authority previously conferred on trial courts by § 46b-62? We conclude that there was no such implied repeal. See *Metropolitan District* v. *Barkhamsted*, 199 Conn. 294, 305, 507 A.2d 92 (1986) ("[w]e have consistently expressed our disfavor of repeals by implication").

As amended, § 46b-87 provides in relevant part that, in a contempt proceeding brought to enforce certain

---

[5] Public Acts 1988, No. 88-196, amended § 46b-87 to provide in relevant part: "When any person is found in contempt of an order of the superior court entered under section 46b-60 to 46b-62, inclusive, 46b-81 to 46b-83, inclusive, or 46b-86, the court may award to the petitioner A REASONABLE ATTORNEY'S FEE AND the fees of the officer serving the contempt citation, SUCH SUMS to be paid by the person found in contempt, PROVIDED IF ANY SUCH PERSON IS FOUND NOT TO BE IN CONTEMPT OF SUCH ORDER, THE COURT MAY AWARD A REASONABLE ATTORNEY'S FEE TO SUCH PERSON. . . ."

types of dissolution orders, a trial court "may award to the petitioner a reasonable attorney's fee . . . to be paid by the person found in contempt . . . ." Contrary to the suggestion of the Appellate Court; *Dobozy* v. *Dobozy*, supra, 41 Conn. App. 865 n.5; we do not construe this statutory language as manifesting a legislative intent to limit the trial court's authority to award attorney's fees *under § 46b-62* absent a contempt finding. Once a contempt has been found, § 46b-87 establishes a trial court's power to *sanction* a noncomplying party through the award of attorney's fees. See 31 S. Proc., Pt. 4, 1988 Sess., p. 1308, remarks of Senator Anthony V. Avallone (purpose of attorney's fees provision in § 46b-87 is "to put an additional onus" on delinquent parties); see also *Ullmann* v. *State*, 230 Conn. 698, 709, 647 A.2d 324 (1994). Pursuant to § 46b-87, that sanction may be imposed without balancing the parties' respective financial abilities.

In contrast, for purposes of an action brought to enforce trial court orders, the focus of § 46b-62 is on compensation. Section 46b-62 empowers a trial court to award attorney's fees to make a financially disadvantaged party whole for pursuing a legitimate legal claim. The court may not exercise this compensatory power without first ascertaining that the prospective recipient lacks funds sufficient to cover the cost of his or her legal expenses.[6] See, e.g., *Blake* v. *Blake*, 211 Conn. 485, 488–89, 560 A.2d 396 (1989).

---

[6] The defendant contends throughout a large portion of his brief that the trial court failed to inquire into the respective financial abilities of the parties. This argument is without merit. As a matter of procedure, the defendant failed to raise it before the trial court and failed to address it in a motion for articulation. See Practice Book § 4051. As a matter of substance, our review of the record reveals that the trial court did, in fact, consider evidence from both the plaintiff and the defendant relative to their respective financial abilities. The plaintiff testified that, although she would arrange for psychological counseling for her son at her own cost, she did not own a car, did not earn sufficient income from her employment, and did not then have enough money to cover the legal expenses stemming from her efforts to

Thus, although a trial court may have partially overlapping authority under § 46b-62 and § 46b-87, the two statutes serve conceptually distinct purposes and, accordingly, contain different procedural requirements that appropriately reflect this distinction. We conclude, therefore, that the trial court had the authority, under § 46b-62, to award attorney's fees to the plaintiff without first finding the defendant in contempt.

## II

In the alternative, the defendant contends that, even if the trial court had the authority to award attorney's fees in this case, it should not have exercised that authority without affording the defendant an opportunity to challenge the reasonableness of the fees.[7] We agree.

Section 46b-62 provides that, after inquiring into the parties' respective financial abilities, a trial court may award *"reasonable* attorney's fees" to either spouse. (Emphasis added.) This reasonableness requirement balances the needs of the obligee spouse with the obligor spouse's right to be protected from excessive fee awards. See *Hartford Electric Light Co.* v. *Tucker*, 183 Conn. 85, 91, 438 A.2d 828, cert. denied, 454 U.S. 837, 102 S. Ct. 143, 70 L. Ed. 2d 118 (1981). Although we have recognized that a trial court may act upon its "general knowledge of what would be a reasonable attorney's fee for services which are fairly stated and described"; (internal quotation marks omitted) *Miller* v. *Kirshner*, 225 Conn. 185, 201, 621 A.2d 1326 (1993);

bring the defendant into compliance with the trial court orders. Although the defendant testified that he was equally penurious and submitted an affidavit disclosing his allegedly poor financial status, the trial court did not credit this evidence and, instead, found the defendant's earning capacity to be greater than represented.

[7] The defendant properly presented this alternative ground for review. See Practice Book § 4140 (c) (allowing for alternative grounds for affirmance in certified appeals).

see also *Vandal* v. *Vandal*, 31 Conn. App. 561, 568, 626 A.2d 784 (1993); we have never held that a trial court may deny an obligor spouse's right to challenge the reasonableness of the fees by cross-examining witnesses or, upon a timely and proper request, by presenting his own evidence. See *Hartford Electric Light Co.* v. *Tucker*, supra, 91–92; *Castro* v. *Castro*, 31 Conn. App. 761, 771, 627 A.2d 452 (1993).

During the January, 1995 hearing, the defendant twice requested that the trial court allow him an opportunity to present evidence with respect to the unreasonableness of the plaintiff's legal bill. See footnote 3 of this opinion. The trial court did not grant either request, concluding instead that, on the basis of its "personal knowledge," the bill was not unreasonable. The defendant properly objected to the court's rulings. Although the plaintiff contends that the defendant was not precluded from presenting his own evidence, our review of the record, in particular the colloquies reproduced in footnote 3 of this opinion, persuades us that the trial court improperly denied the defendant any effective opportunity to challenge the reasonableness of the attorney's fees.[8]

[8] Our review of the record also indicates that, although the attorney's fees awarded to the plaintiff constituted only one half of her claimed legal bill, that bill reflected services rendered in connection with the plaintiff's *first two* contempt motions, rather than the contempt proceeding at issue in this case. This was improper. Section 46b-62 provides that attorney's fees may be awarded in a *"proceeding* seeking relief" under the statutes pertaining to marital dissolution. (Emphasis added.) We interpret this statute to imply that a trial court may award attorney's fees incurred only in connection with the proceeding immediately before the court and not in connection with a legal action resolved in an antecedent proceeding. See *Mallory* v. *Mallory*, supra, 207 Conn. 58 (in contempt proceeding, § 46b-62 permits trial court to award attorney's fees incurred during "that contempt proceeding"). Having already acted on the plaintiff's first two contempt motions without awarding attorney's fees thereon, the trial court did not have the authority, under § 46b-62, to award fees for those proceedings on a retroactive basis. On remand, the trial court should ensure that whatever reasonable attorney's fees are properly owing to the plaintiff, those fees reflect only legal expenses arising in connection with the contempt proceeding at issue in this case, the January, 1995 hearing.

The judgment of the Appellate Court is reversed, and the case is remanded to that court with direction to remand the case to the trial court for further proceedings to determine the reasonableness of the attorney's fees claimed by the plaintiff.

In this opinion the other justices concurred.