[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed August 18, 1997
On August 22, 1996 I found the defendant in contempt for non-payment of child support. Plaintiffs counsel reserved her right to seek an award of counsel fees, and a hearing was had on that issue on May 1, 1997. The plaintiff claims that $3250 of her counsel fees is related to prosecution of her contempt motions, and her counsel has submitted an affidavit of counsel fees.
Counsel for the defendant requested an opportunity to examine the plaintiff further as to her financial condition before the court entered an order that the defendant pay any portion of her counsel fees, there being insufficient time available on May 1, and I granted that request. Based on a recent decision of the Supreme Court, however, it is clear that the plaintiffs financial condition is irrelevant to the issue of counsel fees in connection with a contempt finding. In Dobozy v. Dobozy,241 Conn. 490, 499 (1997), the Court made it clear that an award of counsel fees in connection with a finding of contempt under Sec.46b-87, C.G.S. "may be imposed without balancing the parties' respective financial abilities." Sec. 16b-87 applies by its express terms to orders entered under, inter alia, Sec. 46b-61, where the parents of a minor child live separetely, the situation in this case.
Accordingly, it does not appear that an examination of the plaintiff as to financial ability to pay her counsel fees is called for, and the defendant has not raised any issue as to the reasonableness of the claimed attorneys fees. Having examined the affidavit of counsel fees, I find them to be fair and reasonable both as to the hourly fee and the time claimed to have been spent in the prosecution of the plaintiffs contempt motions. Having read the transcript of proceedings on August 22, 1996, when I found the defendant in contempt, I further find that an order that the defendant contribute to those counsel fees is appropriate as a sanction for his wilful non-compliance with the child support orders.
Within 60 days of this date the defendant is ordered to pay to the plaintiff $1625, representing one-half of the counsel fees incurred in connection with the plaintiffs contempt motions.
SHORTALL, J. CT Page 12604