[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case, one brought under Section 46b-61, C.G.S., went to judgment well over a year ago, on May 1, 1997, by way of an agreement of the parties resolving the issues of custody and visitation of their son. It was agreed between me and counsel for both parties that the judgment file should be prepared "forthwith". See transcript of proceedings, May 1, 1998, p. 80.
On that same date I heard evidence on the one outstanding contested issue between the parties; viz., whether Mr. Agostino should pay a portion of the counsel fees incurred by Ms. Agostino in prosecuting a contempt motion which I had granted on August 22, 1996. Both counsel stated that they had introduced all the evidence relevant to the issues raised by Ms. Agostino's motion, Id., 74-75, except as to the issue of Ms. Agostino's ability to pay her own counsel fees. I took the papers on the motion, indicating that I would allow counsel to present evidence on that aspect of the motion before I made a final decision. Id., 79-80.
On July 8, 1997, however, the Supreme Court decided Dobozy v.Dobozy, 241 Conn. 490 (1997), making it clear that an award of counsel fees in connection with a finding of contempt "may be imposed without balancing the parties' respective financial abilities". Id., 499. This rendered moot any consideration of Ms. Agostino's financial ability to pay her own counsel fees, and I proceeded to grant her motion for a contribution by Mr. Agostino to those fees, in a memorandum dated August 15, 1997.
In the meantime, and unbeknownst to me, the case was "dismissed" under the dormancy program on June 22, 1997. This was clearly an administrative error, since the case had already gone to judgment on May 1, 1997, prompted perhaps by counsel's failure to prepare and file the judgment file. Because it was entered in error, this "dismissal" would have no affect on my subsequent CT Page 7322 decision and order. In any event, upon Mr. Agostino's own motion, the dismissal was subsequently set aside. Though requested to do so by me, Mr. Agostino's present counsel (who was not his attorney at the time of judgment on May 1, 1997) has been unable to provide any authority for the proposition that the "dismissal" of an action under the dormancy program, in the circumstances here, renders null and void orders entered in connection with matters heard by a court prior to the case having been "dismissed".
Without taking any action to clarify his obligation, Mr. Agostino has simply ignored my order of August 15, 1997, apparently on the mistaken assumption that the dormancy "dismissal" rendered it null and void. That order required him to pay one-half of Ms. Agostino's counsel fees, $1,625, by October 15, 1997. Having received no payment, Ms. Agostino moved to have the court "reaffirm" its order on December 18, 1997. Although I doubt whether that is necessary, for the reasons set out above, in order to resolve any question about the order's continuing effectiveness, that motion is granted.
It has now been almost two years since Mr. Agostino was found in contempt of the court's order that he support his son and almost one year since the court's order that he pay a portion of Ms. Agostino's counsel fees. Therefore, it is appropriate for him to pay those fees forthwith, i.e., by no later than June 19, 1998.
Ms. Agostino has requested that the court order Mr. Agostino to pay her interest on the unpaid counsel fees but has cited no authority for the court to do so. She has also requested that he pay her counsel fees for enforcing the order of August 15, 1997. Those matters will be heard by me on the Family short calendar of June 15, 1998.
BY THE COURT
Shortall