[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S POSTJUDGMENT MOTION FOR CONTEMPT (#122), POST JUDGMENT MOTION TO ENJOIN (#123), POSTJUDGMENT MOTION FOR AWARD OF ATTORNEY'S FEES (#124), AND POSTJUDGMENT MOTION FOR CITATION OF CONTEMPT (#137).
Before the court are several postjudgment motions filed by the plaintiff. The primary issue is, whether or not the defendant is in contempt of an ex parte order of the court (Harrigan, J.) relating to one of the parties' children, Ilana's, placement for schooling for the 1998-1999 academic year.
The marriage of the parties was dissolved on June 14, 1996. There were three minor children issue of the marriage, but only one, Ilana, born January 12, 1983, is significant for purposes of these motions. The separation agreement incorporated into the decree of dissolution provided that the plaintiff and defendant would have joint legal and physical custody of the minor children; that any and all major decisions affecting the education of the children should be made with participation and involvement of both parties; and that the parties would confer with each other on all important matters, including the children's education, with a view to arriving at a harmonious policy calculated to promote the best interests of the children. There was no specific agreement as to where the children would attend school, whether schooling should be private or public, or that the parties would be required to contribute to private schooling.
The parties' daughter, Ilana, attended a private school, St. Luke's in New Canaan, for the 1997-1998 academic year. Subsequent to her completion of that academic year, if not sooner, it became apparent that the parties disagreed whether, for 1998-1999, Ilana should continue at St. Luke's or attend Staples High School in Westport. The plaintiff favored St. Luke's and the defendant favored Staples.
The plaintiff brought her first motion for contempt (#122) on July 31, 1998 claiming that the defendant had violated the above-referenced dissolution decree, by intending to withdraw Ilana from St. Luke's which action was contrary to Ilana's best interests. This contempt was scheduled by the clerk for hearing on August 24, 1998. That hearing date was continued for several days. The parties were then advised that there was no court time available for hearing on the motion until the first part of September. Therefore, on August 31, 1998 the plaintiff made an application for ex parte temporary injunction restraining the defendant from withdrawing Ilana from St. Luke's and enjoining him from interfering with Ilana's attendance at St. Luke's until further order of the court. The court (Harrigan, J.) granted the application and issued an order of temporary ex parte injunction CT Page 9802 on August 31, 1998. Specifically, the order strictly enjoins the defendant:
 ". . . from withdrawing the enrollment of Ilana Gaines at St. Luke's School, or to in any other way prohibit or interfere with said minor child's ability to attend St. Luke's School; and are further commanded to take such steps as may be necessary to re-enroll Ilana Gaines at St. Luke's School in the event that her enrollment has been suspended or terminated."
The court scheduled a hearing on the application for September 15, 1998. The defendant was served with the order of injunction on Tuesday, September 1, 1998. In the meantime, the court had already scheduled, and the parties appeared for hearing, on Friday, September 4, 1998 on the plaintiffs earlier contempt motion. On that same date, September 4, the plaintiff filed a second contempt motion (#137) claiming that the defendant, notwithstanding having been served with the court's order of injunction of September 1, 1998, had violated the terms thereof.
After hearing counsel on September 4, the court commenced a hearing that day on pending motions relating to Ilana's school enrollment, including the defendant's own motions to appoint an attorney for Ilana and to enroll her in Staples. The hearing was continued to Wednesday, September 9, 1998. On that day, the parties and their attorneys appeared and stipulated that the plaintiffs injunction could be vacated, and the defendant's motion to enroll Ilana at Staples could be granted, as Ilana had as of that date begun attending Staples. The court entered orders accordingly. However, the plaintiff desired to continue the hearing not for purposes of where Ilana would attend school, but for purposes of her contempt motions against the defendant, and for attorney's fees. This portion of the motions, then, was pretried before another judge without success. This court continued and finally concluded the instant hearings on March 29, 1999.
In order to find a party in contempt of court, the court must find that there has been a wilful violation of a court order.Connolly v. Connolly, 191 Conn. 468, 483 (1983). While this case is troubling and presents a close call, the court does not find that the plaintiff has met her burden of proof. Therefore, this court cannot adjudge the defendant to be in contempt. CT Page 9803
The plaintiffs first motion for contempt (#122) is not truly problematic. The evidence was clear that the parties had a bonafide disagreement as to where it would be in Ilana's best interests to attend school for 1998-1999. There was no court order, prior to August 31, as to where Ilana must go to school. Her attendance at St. Luke's the year before (1997-1998) was by voluntary agreement of the parties. The defendant had paid for that, some $15,000, even though he was under no obligation to do so. It is clear that the defendant simply did not believe Ilana's continued attendance at St. Luke's was in her best interest. Her grades were mediocre at best. Ilana apparently had no friends there. The defendant did not believe that St. Luke's was equipped to deal with some special education needs of Ilana. The defendant believed that St. Luke's had been unresponsive to his concerns regarding Ilana. On the other hand, the defendant believed that Staples and Ilana were a much better fit. Ilana's friends went to Staples. The defendant believed that Staples was better equipped to deal with Ilana's special education needs. Staples had a proven drama department which was a primary interest of Ilana's. The list could go on. The choice between St. Luke's and Staples was, what was in fact, being litigated prior to the parties' agreement of September 9 that Ilana should go to Staples. There is no real basis to hold the defendant in contempt based upon the allegations in the first contempt motion (#122). Therefore, that motion is denied.
The court next considers the plaintiffs second motion for contempt (#137). As stated previously, this motion substantially alleges that the defendant violated the court's (Harrigan, J.) ex parte order of injunction. This court must consider the defendant's conduct between the date he was served with the order of injunction, September 1, and the date the parties stipulated that the order may be vacated, September 9.
The part of the order in serious question here is that which states the defendant may not "in any other way prohibit or interfere with said minor child's ability to attend St. Luke's School." On September 9, the date the order was vacated, the parties also stipulated that the first days of classes at St. Luke's were September 3 and 4, 1999. From the evidence presented the court finds that the defendant, who had custody of Ilana on September 3, in fact did not take her to St. Luke's that day; instead he took Ilana to Staples for the purpose of meeting with a counselor and enrolling her there. So it is clear that, at least on September 3, the defendant did interfere with Ilana's CT Page 9804 ability to attend St. Luke's School on September 3.
This finding does not end the court's inquiry. While the defendant violated the court's order, it must be shown that the violation was also wilful. Connolly v. Connolly, supra. In considering all of the evidence, this court believes that the plaintiff has fallen short of proving this. The stipulation that there were classes at St. Luke's on September 3 was clearly made in hindsight. The parties had spoken on the evening of September 1 about Ilana going to a workshop at St. Luke's on subsequent days. At least the defendant believed that the workshop was in the nature of a retreat and not mandatory. Ilana did not want to go. Neither party was definitively aware until afterwards that there were regular classes at St. Luke's on September 3 and 4. Therefore, this court cannot find that the defendant's conduct was a wilful violation of the court's order. The motion for contempt (#137) is denied.
This court finally considers the plaintiffs request for counsel's fees from the defendant. The plaintiff made a request for counsel fees in connection with the bringing of her first motion for contempt (#122); a separate motion for award of fees of the same date (#124); and again in connection with her second motion for contempt (#137). The plaintiff also filed a motion to enjoin (#123), to prohibit the defendant from withdrawing Ilana from St. Luke's, in which she also requests "such other relief as the court may deem just and appropriate."
The court has considered all of the evidence and the statute made and provided for an award of attorneys' fees, C.G.S. §46b-62, in deciding whether or not to order the defendant to contribute to the plaintiffs fees. It is not necessary that the court find the defendant in contempt to award fees. Dobozy v.Dobozy, 241 Conn. 490, 500 (1997). The issue of where Ilana was to attend school in 1998-1999 was significant. It substantially affected the child's best interests. Prior to September 9, there was a bonafide disagreement between the parties as to which school, St. Luke's or Staples, Ilana would attend. The plaintiff made efforts to resolve the issue prior to seeking court intervention. The filing of motions as to where Ilana would attend school became necessary. At least through September 9 there was a legitimate basis for being in court. The court has considered the parties' respective financial affidavits. The court also has considered the affidavit of attorney's fees and the billing statement of Dr. Andrea Z. Wegner, clinical CT Page 9805 psychologist. These appear reasonable. Based upon all of the foregoing, the court orders that the defendant pay the plaintiff the sum of $10,000 as a contribution to counsel fees and expenses, within thirty days.
So Ordered.
KAVANEWSKY, J.