[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de MOTIONS (#123) (#125) (#126) (#133) (#134)
On November 10, 1999 the court (Kavanewsky, J.) (#122) found the defendant in contempt for failing to pay $2,000.00 of medical expenses, $10,400.00 of periodic alimony and $7,723.00 of insurance expense all owed to the plaintiff No purge or other payment order was made at the time since the court ordered the defendant "to file a current financial affidavit within ten days following which the plaintiff may move the court for orders regarding defendant's satisfaction of these arrearages."
On November 18, 1999 the defendant filed an appeal of the court's November 10, 1999 order. Practice Book § 61-11(b) provides that no automatic stay shall apply to orders of alimony. The defendant moved for a stay (#130) which was denied on January 18, 2000 in this court. The defendant's appeal was dismissed on March 24, 2000.
The present motion requests a schedule of payments for the arrearages found. In addition, it now seeks to have the court order the defendant to reimburse the plaintiff for attorney's fees she paid to her attorney in connection with the hearing on motion (#119) in the amount of $3,629.01. CT Page 8301
Between the hearing on (#119) in July and the ruling in November the alimony fell another $2,500.00 behind as did the defendant's car insurance obligation to plaintiff of $391.21, as well as renter's insurance of $145.00. The defendant paid $900.00 for December, 1999 and $400.00 for January and February, now causing an additional shortfall of $1,000.00.
The plaintiff introduced the defendant's commission income for 1999 from his insurance agency totaling $37,370.00 (plaintiffs Exhibit #1) as an independent broker. He is responsible for his own business expenses.
The plaintiff is 77 and the defendant is 74. Their marriage took place on August 1, 1953 and was dissolved on May 25, 1994 at which time the court incorporated the parties' written agreement (#109) into the judgment by reference. The defendant agreed to pay $1,100.00 monthly periodic alimony, maintain the hospitalization and major medical insurance then in existence covering the plaintiff, pay 50% of plaintiff's unreimbursed medical expenses, pay the plaintiffs auto insurance and renter's insurance premiums. The court notes that there is no mention of Medicare A or B in the agreement nor was any evidence on same entered at the present hearing. Dobozy v. Dobozy, 241 Conn. 490, @ 500-501 (1997) discusses attorney's fees. Section 46b-87 and § 46b-62
both allow for the award of attorney's fees. Dictum in Dobozy at page 499 states an award of attorney's fees may be made pursuant to § 46b-87
"without balancing the parties' respective financial abilities". The court awards the plaintiff $4,500.00 as a reasonable attorney's fee for her litigation expenses including costs. No order for payment of same is made at this time. Ordered:
1. The defendant shall resume paying the $900.00 monthly periodic alimony
2. New arrearages are found as follows:
 a) $ 3,500.00 alimony unpaid b) 391.21 car insurance c) 145.00 renter's insurance d) 20,123.00 prior arrearage $24,159.21 Total Arrearage
The defendant shall pay $100.00 monthly on the arrears.
Plaintiffs motion (#125) regarding the filing of a financial affidavit is denied.
Plaintiffs motions (#126) and (#133) regarding an attorney's fee to defend the defendant's appeal are denied. CT Page 8302
Plaintiffs motion (#135) is denied as duplicative and redundant.
The motions for order (#123) and (#134) are continued for hearing on September 5, 2000 to determine compliance by defendant.
HARRIGAN, J.