[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON ATTORNEY'S FEES
 PROCEDURAL HISTORY
Since the parties' pendente lite orders in 1989, activity in this case fills two files. Therefore, the following facts represent only the most recent pertinent activity, as disclosed by the record in this case.
By way of background, the parties, both represented by counsel, signed a stipulation, resolving the plaintiff's October 27, 1998, motion to modify, accepted by Solomon, J. The parties agreed: that physical custody of their child Daniel, age 14, would also now be with his mother, the plaintiff, (mother previously had custody of Zachary, age 9); that, accordingly, the wage execution for child support payments in existence as to the plaintiff would be immediately vacated; and, chat the issue of child support would be continued for hearing at a later date, with any orders retroactive to November 23, 1998.
Accordingly, the plaintiff filed a motion to modify the child support and related orders. Interrogatories, with respect to the modification, followed and were served on the defendant in Summer 1999. The interrogatories were never completed and in November, 1999, the plaintiff filed a motion for contempt. After the hearing on this production request contempt, on January 31, 2000, Kenefick, J. ordered "Requested production must be delivered to Attorney [for plaintiff] by 5:00 p.m. on February 4, 2000. $250 counsel fees [with respect to the production request] also due to [said attorney] at the same time." Both parties were represented by counsel at this hearing.
Kenefick, J., transferred the financial portion of the modification of CT Page 12142-a support matter to magistrate court, where it appeared on the February 8, 2000, docket. Attorney for the defendant strongly objected to going forward in magistrate court on the basis that his firm hadn't gotten "judicial notice" from Kenefick, J. of the judge's transfer of this case to magistrate court. Defendant's attorney did not dispute that his firm did have ample "actual" notice (see attached) of the transfer. The hearing was interrupted, at the magistrate's request, for the magistrate's clerk to call Judge Kenefick's clerk, where the matter of notice was resolved: "Judge Kenefick says he has a right to transfer the case and did so."
Interestingly, also on February 8, 2000, the defendant, by counsel, filed a motion in magistrate court for contempt, seeking that the plaintiff be adjudged in contempt of court for refusing to comply with the December 1996 court order that the plaintiff pay $60 per week in current support. Defendant's motion requested that plaintiff be required to pay attorney's fees and court costs incurred by him in bringing the contempt action. Remarkably, this motion failed to disclose the existence of the parties' November 23, 1998, stipulation, which stipulation: returned the custody of Zachary and Daniel to their mother and vacated the wage withholding for support payments. On February 14, 2000, the plaintiff through her lawyer filed an objection co the defendant's motion for contempt.
Shortly thereafter, on February 25, 2000, in magistrate court, the parties agreed to a modification of the December 9, 1996, financial orders, in accordance with the November 1998 stipulation. Specifically, the parties agreed: to terminate plaintiff's current support order retroactive to November 23, 1998, to set an arrearage payment due the defendant of $5/week, and that the defendant would pay a lump sum of $250 (ordered by Kenefick, J. on January 31, 2000) in two weeks to the plaintiff's lawyer.
Pending along with the parties modification motion was a child support contempt motion filed by the plaintiff in November 1999. On May 23, 2000, the court approved the parties' agreement, arrived at in court that day, to resolve the child support contempt issues. The contempt matter was continued, by agreement, to July 25, 2000, to monitor compliance.
At the end of the July 25, 2000, hearing, plaintiff's counsel presented a written motion for award of attorney's fees in the amount of $675. There was no itemized bill produced, nor testimony as to the reasonability of the fees charged and the plaintiff's financial inability to absorb these expenses. Defendant's counsel objected to the attorneys CT Page 12142-b fees request, citing Dobozy v. Dobozy, 41 Conn. App. 865 (1996), where the appellate court ruled that a trial court may award attorney's feesonly when the respondent is found in contempt. As defendant's counsel shortly thereafter shared with the court, the appellate court in Dobozy
was reversed by the Connecticut Supreme Court, on precisely this issue of whether a finding of contempt was a condition predicate to the award of attorney's fees. Dobozy v. Dobozy, 241 Conn. 490 (1997)
 DISCUSSION OF ISSUE
In their unanimous opinion, the Supreme Court in Dobozy v. Dobozy,
reversed the Appellate Court and held that the trial court had the authority under General Statutes § 46b-62 to award attorney's fees without first finding the defendant to be in contempt. The Supreme Court interpreted § 46b-62 as intended to ensure that a party to a marital dissolution will not be deterred from exercising his or her rights owing to lack of funds.
As was the case in Dobozy, the courts' child support orders in this matter were belatedly[1] satisfied and thus the defendant avoided a finding of contempt. In fact, this case is remarkably similar to theDobozy facts, with the parties entering into an agreement, with judicial approval, then the defendant repeatedly failing to comply with the terms of his child support agreement. Thus this magistrate agrees wholeheartedly with the statement of Chief Justice Peters: "As a matter of policy, to infer such a limitation Eon the trial court's authority to award attorney's fees] would preclude a financially disadvantaged parent from recovering attorney's fees from a recurrently recalcitrant former spouse so long as the spouse complies with family support orders at, or immediately prior to, the time of the contempt proceeding and persuades the trial court that his compliance, although belated, militates against a finding of contempt. In effect, it would give considerable leverage to the recalcitrant former spouse to undermine the effectiveness of court orders for the protection of children." Dobozy at 498.
Having made the finding that the statute permits an award of attorney's fees in this situation, this court is continuing the hearing on this case to afford the defendant an opportunity to challenge the reasonableness of the fees. At that hearing the court will hear the parties' evidence on:
 • Does the prospective recipient of the attorney's fees lack funds sufficient to cover the cost of his or her legal expenses; and,
 • Are the attorney's fees: requested for the CT Page 12142-c particular contempt proceeding at issue in this case, based on hourly charges reasonable in the geographical area, and for services fairly stated and described.
Accordingly, this matter is continued to Tuesday, November 14, 2000, for a 10:00 a.m. hearing in Magistrate Court, Norwich, to determine the reasonableness of attorney's fees claimed by the plaintiff.
Bethany J. Alvord Family Support Magistrate