[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 12182
The Defendant has filed a post judgment Motion for Modification (#142) and the Plaintiff has filed a Motion for Contempt (#146).
The Defendant, in his Motion for Modification, seeks a reduction in the order of child support. The request for reduction is based upon the following claims: (1) that the Defendant has become self-employed, (2) that he now has custody of one of the minor children and (3) the current order does not comply with the present Guidelines as they relate to medical insurance.
The court entered the order of $300.00 per week for two children on December 23, 1998 with the following finding:
 "This (order) is based on a child support guideline of $124 per week. An upward deviation of $176 is ordered. There are liquid financial resources available to the Defendant in the sum of $180,000 that represent proceeds of a claim against an insurance company for disability benefits. The defendant is not earning any income."
As to the Defendant's first claim, the financial affidavit filed by the Defendant at the time the original child support order was entered reveals that he was then self-employed. Today, he remains self-employed. His claim of a change in circumstances based on the fact that he is now self-employed is, therefore, incorrect. Accordingly, there has been no change in circumstances regarding his employment from the date of the original child support order.
The Defendant's second claim is that he should be entitled to a reduction in the child support order as he now has custody of one of the minor children, Evan McConnon. The court record reveals that at the time the order was entered on December 23, 1998, the Defendant already had custody of Evan McConnon. The order entered at that time was $300.00 per week child support as to the two other minor children, Patrick McConnon and Angus McConnon. On a Motion to Reargue, the Court, on January 26, 1999 reiterated the fact that the order was $300.00 per week in connection with only two of the minor children, to wit: Patrick McConnon and Angus McConnon. No support had been ordered as to Evan McConnon, as that minor child then resided with the Defendant. The Defendant's claim of a change in circumstances based upon the fact that he now has custody of Evan McConnon is likewise incorrect. Accordingly, there has been no change in circumstances regarding the custody from the date of the original child CT Page 12183 support order.
Moreover, Evan McConnon is no longer residing with the Defendant. He resides at a therapeutic program in New Hampshire pursuant to an agreement with DCF. The Defendant is not visiting Evan. The Plaintiff is visiting Evan every other weekend to participate in his therapy and incurs costs associated with that visitation.
The Defendant's third claim for a modification is that the current order does not comply with the Guidelines regarding medical insurance. The Defendant requests that the order be modified to give him credit for the medical insurance premiums he claims he is paying on behalf of the minor children. Aside from the Defendant's assertion that he is paying insurance premiums of $300.00 per month, he has provided no proof as to this assertion. While his financial affidavit states the total amount he is paying for both himself and the children, there is no break down regarding the portion of the insurance allocable to the children. Additionally, his child support guideline study does not indicate a dollar amount for the portion of the children's insurance premiums.
For the reasons set forth above, the Defendant's Motion for Modification (#142) is denied as to the first two claims and denied without prejudice as to the third claim.
Next, this court addresses the Motion for Contempt (#146).
The support enforcement officer testified that there is an arrearage of $4250.00 as of September 29, 2000. The parties did not dispute this calculation, although the Defendant claimed that the support order had been suspended. The record does nor support this claim.
On May 25, 2000, the Court (Owens, J.) clarified the order of $300.00 per week child support:
 The court: Right. But I want her — I want the $300.00 a week. And I want you to have him update it.
Mr. Ball: Yes, Your honor.
The court: Bring it up to date.
(See transcript dated May 25, 2000 at page 22)
The plaintiff filed this Motion for Contempt due to the nonpayment of the order of May 25, 2000. The Defendant has had knowledge of the order to bring his child support up to date and the order to pay $300.00 per week CT Page 12184 child support. He has had the ability to pay the order and he has willfully disregarded the order. Therefore, this court finds the Defendant in contempt.
At the conclusion of the hearing on contempt, the Plaintiff's attorney and the attorney for the minor children asked for attorneys' fees. Pursuant to Connecticut General Statutes Section 46b-87 and Dobozy v.Dobozy, 41 Conn. App. 861 (1996) the Defendant is ordered to pay the reasonable attorneys fees incurred by the Plaintiff and the attorney for the minor children in connection with the Plaintiffs Motion for Contempt.
Plaintiffs attorney and the attorney for the minor children are ordered to submit affidavits of attorneys' fees to this court by October 15, 2000.
The Defendant is ordered to return to court on October 23, 2000 at 9:30am. in furtherance of the findings contained herein.
FRANKEL, J.