PETER LARSON *v.* MATILDE LARSON
(AC 33082)
(AC 33334)

Alvord, Espinosa and West, Js.

Argued April 12—officially released September 25, 2012

*Peter J. Larson,* pro se, the appellant (plaintiff).

*Matilde Larson,* pro se, the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Peter Larson, appeals from the judgment of the trial court (1) reducing the amount of alimony and child support payable by him to the defendant, Matilde Larson, (2) finding him in

contempt for failure to comply with the prior child support and alimony orders and (3) ordering him to pay the defendant's attorney's fees.[1] On appeal, the plaintiff claims that each of the court's orders was an abuse of discretion. We affirm the judgment of the trial court.

The following undisputed facts are necessary for our resolution of the plaintiff's claims. The parties were married on June 19, 1982, and have two minor children. The marriage of the parties was dissolved on January 31, 2003. Under the terms of the judgment of dissolution, the plaintiff was ordered to pay alimony in the amount of $500 per week and child support in the amount of $347 per week. Prior to the modification from which the plaintiff appeals in the present case, the court twice had modified the plaintiff's child support obligations, and, as of the last modification, the plaintiff was ordered to pay $424 per week.[2] On November 17, 2010, the plaintiff filed an amended motion for modification,[3] seeking a reduction in alimony and child support orders due to a change in income of the parties.[4] The defendant filed

[1] The plaintiff initially appealed from the court's December 7, 2010 judgment. The court issued a corrected memorandum of decision on March 24, 2011, from which the plaintiff brought another appeal. This court consolidated these appeals.

[2] On May 27, 2004, the plaintiff moved for a modification of the parenting arrangement and alimony and support orders. On January 11, 2005, the court denied the motion for modification of alimony but reduced the child support order to $280 per week. The defendant moved to open and modify the child support order on July 12, 2005. The court granted the motion and increased child support to $424 per week on the basis of a finding that the plaintiff's net income was $118,924 and the defendant's net income was $30,680. The plaintiff appealed the modification, and this court affirmed the trial court's judgment. See *Larson* v. *Larson*, 99 Conn. App. 904, 916 A.2d 129 (2007).

[3] The court allowed the plaintiff to amend his motion for modification to raise the issue of the change in income of the parties.

[4] On April 6, 2006, the plaintiff filed his original motion for modification of custody and visitation, child support, alimony and life insurance. In his motion for modification, the plaintiff asserted that (1) there was a substantial change in circumstances on the basis of his move to California, (2) the defendant had "conducted a campaign of fraud and parental alienation" and (3) the underlying decision was "illegal from [the] inception [for] violating

a motion for contempt for failure to comply with child support and alimony awards and a motion for counsel fees.

On December 7, 2010, the court issued a memorandum of decision reducing the plaintiff's alimony and child support obligations and granting the defendant's motions for contempt and counsel fees. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the plaintiff claims that the court erred in (1) the calculation of the reduction in his child support and alimony obligations, (2) finding that he was in contempt for failure to comply fully with the child support and alimony orders and (3) ordering him to pay attorney's fees to the defendant.

Although the court's orders significantly reduced the plaintiff's child support and alimony obligations, the plaintiff argues that the court made several errors in its calculation of the new child support and alimony orders and erred in applying the orders retroactively. None of the plaintiff's arguments have merit. "[I]n reviewing a trial court's decision on a motion to modify, every reasonable presumption will be made in favor of the trial court's exercise of discretion. . . . Its decision will not be disturbed unless it acted illegally or unreasonably." (Citation omitted; internal quotation marks omitted.) *Nicholson* v. *Nicholson*, 66 Conn. App. 885, 887, 786 A.2d 462 (2001). The court found that, at the time of his motion for modification, the plaintiff was unemployed and his net income was $21,648, compared to $85,452 at the time of the judgment of dissolution. On these grounds the court determined that there had been a substantial change in circumstances and reduced the alimony order to a sum of $1 per year. With regard to child support, the court had found in connection

[General Statutes §] 46b-215d." In its December 7, 2010 memorandum of decision, the court rejected all three grounds.

with its previous modification, that the net income of the plaintiff was $118,000 per year and that the defendant's net income was $30,680 per year. The court, in considering the present motion to modify child support, determined that there had been a substantial change in circumstances, and, on the basis of the court's calculation that the parties' presumptive child support was $348 per week, reduced the plaintiff's obligation to $115 per week.[5] The court applied the new child support and alimony awards retroactively to March 1, 2010.[6] After our careful review of the record, we conclude that the court did not abuse its discretion in its formation of the new alimony and child support awards.

Next, the plaintiff claims that the court erred in finding him in contempt for failure to pay child support and alimony and ordering him to pay $99,809.12 in arrearages. We must determine "whether the trial court abused its discretion in issuing . . . a judgment of contempt, which includes a review of the trial court's determination of whether the violation was wilful or excused by a good faith dispute or misunderstanding." *In re Leah S.*, 284 Conn. 685, 694, 935 A.2d 1021 (2007).[7] "We review the court's factual findings in the context of a

---

[5] The court based its calculation on the defendant's stipulated income of $55,000. On March 24, 2011, the court issued a corrected memorandum of decision. The court noted that, in its December 7, 2010 memorandum of decision, in listing the defendant's *net* weekly income, it erroneously recited the defendant's *gross* weekly income. Nevertheless, the court stated that it properly based its calculation of the plaintiff's child support obligation on the *net* weekly income of both parties. Therefore, despite this scrivener's error, the court used the correct figures in its calculation.

[6] Prior to the court's December 7, 2010 order, the parties stipulated that any order would not be retroactive prior to January 1, 2009, and each party reserved the right to argue for or against any retroactive order.

[7] We first must determine "whether the underlying order constituted a court order that was sufficiently clear and unambiguous so as to support a judgment of contempt." *In re Leah S.*, supra, 284 Conn. 693. We agree with the undisputed finding of the court that the underlying child support and alimony orders were clear and unambiguous.

motion for contempt to determine whether they are clearly erroneous." (Internal quotation marks omitted.) *Oldani* v. *Oldani*, 132 Conn. App. 609, 626, 34 A.3d 407 (2011). The plaintiff contends that, because he was unable to pay alimony and child support due to a lack of funds, his failure to pay was not wilful or without good cause. The court found that the plaintiff had the means to comply with the orders due to his employment from 2006 through 2009. After our review of the record, we conclude that the trial court's finding that the plaintiff had the ability to pay his child support and alimony obligations was not clearly erroneous. Therefore, we conclude that the court's determination that the plaintiff wilfully failed to comply with the court's orders was not an abuse of discretion.

Lastly, the plaintiff claims that the court erred in ordering him to pay the defendant's attorney's fees in the amount of $26,795. The plaintiff does not claim that the award of attorney's fees was unreasonable, but instead claims that he was denied the opportunity to challenge the reasonableness of the fees. "Our law for awarding attorney's fees in contempt proceedings is clear. General Statutes § 46b–87 provides that the court may award attorney's fees to the prevailing party in a contempt proceeding. The award of attorney's fees in contempt proceedings is within the discretion of the court. . . . In making its determination, the court is allowed to rely on its familiarity with the complexity of the legal issues involved. . . . [T]he award of attorney's fees pursuant to § 46b–87 is punitive, rather than compensatory . . . ." (Internal quotation marks omitted.) *Allen* v. *Allen*, 134 Conn. App. 486, 502–503, 39 A.3d 1190 (2012). "Once a contempt has been found, § 46b-87 establishes a trial court's power to *sanction* a noncomplying party through the award of attorney's fees. . . . Pursuant to § 46b-87, that sanction may be

imposed without balancing the parties' respective financial abilities." (Citations omitted; emphasis in original.) *Dobozy* v. *Dobozy*, 241 Conn. 490, 499, 697 A.2d 1117 (1997). The party found in contempt, however, must be given an "effective opportunity to challenge the reasonableness of the attorney's fees." Id., 501.

In the present case, the court scheduled a separate hearing for the plaintiff to challenge the reasonableness of the affidavit of attorney's fees filed by the defendant. At the November 12, 2010 hearing, the plaintiff did not present any evidence challenging the reasonableness of the attorney's fees. Therefore, we conclude that the court did not abuse its discretion in awarding attorney's fees to the defendant after providing the plaintiff with an "effective opportunity" to challenge such fees.

The judgment is affirmed.